EASTERN DIS.
*April*, 1834.

VERRET ET AL.
*vs.*

AUBERT.

The Supreme Court cannot give against judgment a warrantor, cited in the cause, who has not answered, and against whom judgment by default has not been taken.

---

### VERRET ET AL. *vs.* AUBERT.

APPEAL FROM THE COURT OF PROBATES OF THE PARISH OF ASSUMPTION.

The settlement of an estate, administered by a curator before the Court of Probates, in which settlement the heirs were not properly represented, cannot be considered as *res judicata* against them. If made *ex parte* by the curator, it creates only *prima facie* evidence of the faithfulness of his administration, and correctness of the account rendered.

EASTERN DIS.
*April*, 1834.

VERRET ET AL.
*vs.*
AUBERT.

Tutors, except those by nature, are bound by law to obtain confirmation of their appointment by the judge of probates; to take an oath faithfully to discharge their duties, and to give security. Until a tutor complies with these duties, he can do nothing binding and conclusive on the rights of minors whom he represents.

The plaintiffs aver that they are the legal heirs of Antoine Patire and Mageux André, deceased. That the defendant administered upon the estate of Mageux André, and took into his possession all the property belonging to her succession, amounting to the sum of forty-five thousand and ninety-six dollars and thirty-seven and a half cents. That about two thousand two hundred and fifty-four dollars and eighty-one cents, with legal interest, is due to the plaintiffs, by the defendant, and they conclude by praying that the defendant may be legally cited, and condemned to pay to thems aid sum, or such portion as may be found due them.

The defendant in his answer, denies that the plaintiffs are heirs of Antoine Patire and Mageux André; states that he has rendered a general account of his administration, and that the account has been approved by the Court of Probates, and duly homologated. He added that should the plaintiffs prove themselves heirs, as stated in their petition, he then pleads that he has paid the amount coming to them, and has been duly discharged therefrom.

Godefroi Verret was appointed by the will of Louis Verret, testamentary tutor to the plaintiffs. Jean Labarthe, empowered by the said tutor, to regulate and settle with the defendant, for the amount which might be found due to the plaintiffs, as heirs, in common with others, to the estate of Mageux André, deceased, to receive and receipt for the same.

It appears from the minutes of the public inventory and sale of the property, belonging to the succession of Mageux André, that Jean Labarthe was present and assisted, and signed the same, as one of the heirs, and also representing the plaintiffs.

EASTERN DIS.     It also appears that the defendant has rendered a general
VERRET ET AL. account of his administration, and which account was
    vs.
AUBERT.      approved by the Court of Probates.

It is also in proof, that Jean Labarthe, as said attorney in
fact finally settled with the defendant, and received from
him the full amount due and coming to said plaintiffs, at
the same time discharging the defendant from all further
claim, on their part as heirs aforesaid.

The defendant had judgment, from which the plaintiffs
appealed.

The judge *a quo*, certified that the foregoing is a faithful
transcript of all the proceedings, as well as of documents filed
in the said suit, and contains all the evidence adduced by
the parties.   The clerk made no certificate.

*Porter* and *Wheeler*, for plaintiffs and appellants.

*Conrad, contra*, urged,

1. That the citation is informal.   The record is not pro-
perly certified.   *Code of Practice, art.* 585.

2. That the Court of Probates had not jurisdiction of that
suit.

3. That these plaintiffs are barred by the decree of the
Court of Probates approving and confirming the account of
the curator, and that decree cannot be collaturally questioned
in this suit.   *Martin's Rep.* 12, 534.   *Kilgour* vs. *Ratcliff's
heirs,* 2 *N. S.* 300.   Plaintiffs' only recourse is an appeal,
or an action of nullity.   *Code of Practice, arts.* 556, 604,
605, 606.

4. That the court will presume that the oath required by
law, was administered to the tutor; there being no law
requiring the oath to be recorded, and consequently the judge
is not bound to record it.

5. That supposing it was not administered, the omission
of this formality, will not annul the acts done by the tutor

or curator. These provisions are only directory to the judge or the tutor, rendering them liable for their omission but not at all affecting the acts of their administration with third persons, acting *bona fide.* Civil Code. Heineccius Recitationes, *vol.* 1, *lib.* 1, *tit.* 24, *sec.* 284, 285.

6. At all events the payment made by the defendant, was made *bona fide,* to a person concerning whose authority to act he could not doubt, without attributing the grossest negligence to two successive judges of the state; he used all due diligence, has been guilty of no negligence or carelessness. A tutor is only bound to use such as a prudent father of a family uses in the management of his own affairs. *Dig. lib.* 26, *tit.* 7, *l.* 33.

MATHEWS, J., delivered the opinion of the court.

This suit is brought by some of the children and heirs of Louis Verret and Mary Patin, his wife, (both deceased) to recover from the defendant their portion of the succession of their maternal grand-mother, which was administered by him, and finally liquidated, as curator of that succession.

The defence set up against the claim of the plaintiffs, rests on three grounds:

I. Want of capacity in them as heirs.

II. Final settlement of the succession by the curator, and approval on their part, and

III. Payment to them of their portion, &c.

The court below rendered judgment in favor of the defendant, from which the plaintiffs appealed.

The grounds of defence, as above stated, were all which were pleaded in the Court of Probates, and they alone require the attention of this court.

As to the capacity of the plaintiffs, as heirs to the succession (or a part of it) of their grand-mother, this is fully made out by the evidence of the case.

The settlement and liquidation of the estate, administered by the defendant, as curator, &c., took place before the

EASTERN DIS.
*April*, 1834.

VERRET ET AL
*vs.*
AUBERT.

The settlement of an estate, administered by a curator before the Court of Probates in which settlement the heirs were not properly represented, cannot be considered as *res judicata* against them. If made *ex parte* by the curator, it creates only *prima facie* evidence of the faithfulness of his administration, and correctness of the account rendered.

Court of Probates, from which he had received his appointment, but in that settlement it does not appear that the plaintiffs were properly represented, and consequently it cannot be considered as *res judicata* against them. It was made *ex parte* by the curator, and the only effect which it can legally produce, is to create a sort of *prima facie* evidence of the faithfulness of his administration, and correctness of the accounts by him rendered.

The plea of payment, which alleges that it was made to the tutor of the plaintiffs, produces the only difficulty in the cause. It appears that Godefroi Verret, their brother, had been appointed tutor to them and others, the children of Louis Verret, (who died in the parish of St. Mary) by his testament. The testamentary tutor thus appointed, assumed to act in his capacity as such, without taking the oath and giving security as required by law, at the time of the death of his ancestor. *See Old Civil Code, p.* 68, *arts.* 53, 55, and *p.* 60, *art.* 14. And acting as the representative of the plaintiffs, in his capacity aforesaid, he empowered Jean Labarthe, then under tutor, to receive for them their portion of their grand-mothers succession, as administered by the defendant, which was by him paid over to the attorney in fact of Godfroi Verret, the tutor.

The principal, perhaps the sole question, presented by the cause, for solution, is to ascertain whether the payment was made to a person legally authorised to receive it and give a valid acquittance on the part of the plaintiffs, and such as bars their present claim. Notwithstanding the faithful and honest manner in which the curator seems to have discharged his duties, and the consequent reluctance which must be felt in condemning him to pay the money a second time, which he had already paid to the apparent tutor of the present claimants; we feel ourselves legally bound to answer this question in the negative.

Tutors, except those by nature, are bound by law to obtain confirmation of their appointment by

Tutors are bound by law to obtain the confirmation of their appointments by the judges of probates; to take an oath, faithfully to discharge the duties, and to give security. The

only exception, with regard to any of these requisitions, has
relation to tutors by nature, and no others.

Until a tutor complies with them, however he may render himself responsible in damages on account of an interference, or intermeddling in a succession, he can do nothing binding and conclusive on the rights of minors whom he represents. Now as it is not shown that Godfroi Verret was either confirmed in his office of tutor, took the oath prescribed by law, or gave security; the payment was made to him through error on the part of the defendant, and he is still liable to pay to the plaintiffs the amount of their portion of their grand-mother's estate.

VERRET ET AL.
*vs.*
AUBERT.

the judge of probates; to take an oath, faithfully to discharge their duties, and to give security. Until a tutor complies with these duties, he can do nothing binding and conclusive on the rights of minors whom he represents.

The part of this estate coming to the children and heirs of Louis Verret and his wife, after final settlement and liquidation, amounted to five thousand seven hundred and seventy-five dollars and seventy-two and a half cents. These heirs were twelve in number, only three of them are plaintiffs in the present suit, they are consequently entitled to three-twelfths of five thousand seven hundred and seventy-five dollars and seventy-two and a half cents, which amounts to one thousand four hundred and forty-three dollars and ninety-three cents. This sum they must recover from the defendant, with interest thereon, at the rate of five per cent. per annum, from the time when the funds belonging to their grand-mothers succession came into his hands.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, be avoided, reversed and annulled; and it is further ordered and adjudged, that the plaintiffs and appellants do recover from the defendant and appellee, curator, &c., the sum of fourteen hundred and forty-three dollars and ninety-three cents, with interest at the rate of five per cent. per annum, from the 16th day of December, 1820, until paid, with costs in both courts.

The appellants moved for a rehearing. The motion was sustained. On the rehearing MATHEWS, J., delivered the opinion of the court.

This case is now before the court on a rehearing, granted at the solicitation of the appellants, for the purpose of correcting some errors of calculation in our former judgment, to their prejudice. The cause has been argued by briefs, and nearly the same grounds of defence are relied on, as were adduced on the former trial; the most important of which is the final settlement, and homologation of the accounts of the defendant, rendered to the Court of Probates, in his capacity of curator to the succession of which the plaintiffs claim to be heirs. These accounts were not settled contradictorily with the plaintiffs, or any person properly representing them, and the judgment of homologation is, therefore, as to them, without force.

The account rendered, states the heirs of Mary Patin, who were twelve in number, are entitled to three-twelfths or one-fourth of that amount, with interest at the rate of five per cent. per annum, from the time when the funds came into the possession of the defendant. The evidence of the case does not clearly show when that was. The 28th of June, 1820, is the earliest certain period shown at which he was in possession of the funds of the estate administered by him, &c. The one-fourth of six thousand nine hundred and thirty dollars and eighty-six and a fourth cents, is one thousand seven hundred and thirty-two dollars and seventy-one and a half cents.

It is, therefore, ordered, adjudged and decreed, that the judgment heretofore rendered by this court, be so amended, as to adjudge to the plaintiffs and appellants, the sum of one thousand seven hundred and thirty-two dollars and seventy-one and a half cents, with interest at the rate of five per cent. per annum, from the 28th day of June, 1820, until paid, with costs in both courts.