Morphy, J.
The appeal is from a judgment of nonsuit rendered upon an exception taken to the plaintiff’s right and authority to sue as the natural tutor of his children, on the ground, that he was not qualified to act in that capacity, never having taken the oath required by law. It is urged in behalf o’f the appellant, that it is not necessary for the natural tutor to take any oath before he enters upon the discharge of his official duties, and articles 265 and 268 of the Civil Code, are relied on in support of this position. They provide, that the tutorship by nature takes place of right, on the dissolution of the marriage by the death of one of the spouses, but that every other kind of tutorship must either be confirmed or given by the Judge. The French commentators on the corresponding articles of the Napoleon Code, to which we have been referred by the counsel, can assist us but little, as no oath is required by that Code from any kind of tutor ; whereas art. 328 of our Code requires an oath of office to be taken by both the tutor and the under-tutor, before they can enter upon the exercise of their duties. This requirement, it is true, is not mentioned in the section of the Code relating to the tutorship by nature, nor is it in the sections relating to the other kinds of tutorship; but it is to be found in that which treats of the administration of the tutor in general. Hence it should seem, that all tutors are required to take an oath, and that, although the surviving father becomes of right the natural tutor of his children, and need not, like other tutors, any confirmation or appointment, he is nevertheless as much bound as the latter to fulfil that formality. If there could be any doubt on the subject, it is removed by article 949 of the Code of Practice, which, in express terms, requires an oath to be administered to the father who claims the tutorship of his minor child. The case of Verrett et al. v. Au-bert, quoted from 6 La. 350, was that of a testamentary tutor who had assumed to act as such without being confirmed, taking the oath, or giving security as required by law. After enumerating these several requisitions, the court remarked generally, that the only exception (with regard to them) had relation to tutors by nature and to no others. What the court then said can surely *638 not be considered as deciding a point which did not present itself in the case; but at our last session in the Western District we had the .question directly before us in relation to certain attachment proceedings instituted by a natural tutor, .who had not qualified as such by taking his oath. On the exception being taken the suit was dismissed. Mayes v. Smith, 11 Rob. 503.

Judgment affirmed.