(LOCAL LAW.)

## M'IVER et al., Lessees, v. RAGAN et al.

Where the plaintiffs in ejectment claimed under a grant from the state of North Carolina, comprehending the lands for which the suit was brought, and the defendants claimed under a junior patent, and a possession of seven years, which, by the statutes of that state and Tenessee, constitutes a bar to the action, if the possession be under colour of title : To repel this defence, the plaintiffs proved that no corner or course of the grant, under which they claimed, was marked, except the beginning corner ; that the beginning and nearly the whole land, and all the corners, except one, were within the Cherokee Indian boundary, not having been ceded to the United States, until the year 1806, within seven years from which time the suit was brought ; but the land in the defendant's possession, and for which the suit was brought, did not lie within the Indian boundary : It was held that, notwithstanding the laws of the United States prohibited all persons from surveying or marking any lands within the Indian territory, and the plaintiffs could not, therefore, survey the land granted to them, the defendants were entitled to hold the part possessed by them for the period of seven years under colour of title.

ERROR to the circuit court for the district of West Tenessee.

The plaintiffs in error brought an ejectment in that court for 5,000 acres of land, in possession of the defendant, Ragan, and on the trial gave in evidence a grant from the State of North Carolina, of 40,000 acres, comprehending the lands for which the suit was instituted.

The defendants claimed, under a junior patent to Mabane, and a possession of seven years held by Ragan, which, by the statutes of North Carolina and

Tenessee, constitutes a bar to the action, if the possession be under colour of title.

To repel this defence, the plaintiffs proved that no corner or course of the grant, under which they claimed, was marked, except the beginning corner. That the beginning, and nearly the whole land, and all the corners, except one, were within the Indian boundary, being part of the lands reserved by treaty for the Cherokee Indians. These lands were not ceded to the United States, until the year 1806, within seven years from which time this suit was instituted. But the land, in possession of the defendant, Ragan, and for which this ejectment was brought, did not lie within the Indian boundary.

The laws of the United States prohibited all persons from surveying or marking any lands within the country reserved by treaty for the Indians.

Upon this testimony, the counsel for the plaintiffs requested the court to instruct the jury, that " the act of limitations would not run against the plaintiffs for any part of the said tract, although such part should be out of the indian boundary, until the Indian title was extinguished to that part of the tract which includes the beginning corner, and the lines running from it, so as to enable them to survey their land, and prove the defendant to be within their grant." But the judge instructed the jury that, " although the Indian boundary included the beginning corner, and part of the lines of the said tract, yet, if the defendants had actual possession of part of the said tract, not so included within the said Indian boundary, and retained possession thereof for seven

years, without any suit being commenced, the plaintiff would thereby be barred from a recovery."

To this opinion the plaintiffs, by their counsel, excepted.

The jury found a verdict for the defendants, of which a judgment was rendered, and the cause was brought before this court by writ of error.

Mr. *Swann* and Mr. *Campbell*, for the plaintiffs in error and in ejectment.   1. Statutes of limitations, all over the world, except certain cases of a peculiar nature from their operation; and the impediment in this case is analogous to the exceptions expressly provided.   The case of civil war interrupting all the proceedings in courts of justice is not stronger than the present; the omission in the statute ought therefore to be supplied by judicial equity.   2. The act of the 30th of March, 1802, ch. 13. sec. 5., prohibits the surveying, or attempting to survey, or designating any of the boundaries, &c., of lands within the Indian territory, under severe penalties; and the party could not have obtained a passport from the officers authorized to grant it by the 3d section of the act, *in order to survey lands*, but merely to *go into* the Indian country for any lawful purpose. 3. The record does not regularly deduce the defendant's title.   There is no presumption raised, that Ragan continued his possession under Mabane, and without it, that possession would not be under colour of title, according to the statutes of limitation of North Carolina and Tennessee, and the decision

1817.

M'Iver
v.
Ragan.

of this court in the case of Patton's Lessee v. Easton.[a]

Mr. *Jones* and Mr. *Thomas*, contra. The exceptions in the statute of limitations, (which statute gives the right of property as well as of possession,) are expressed by the legislature, and cannot be multiplied by implication. But supposing the statute not to apply to lands within the Indian boundary; the lands held by the defendant was *not* within the Indian boundary, and therefore the limitation applies to it. If the plaintiffs had instituted a suit, they might have entered the Indian country, under an order of court, and surveyed the lands. The character of the defendants' possession, and not that of the plaintiffs, is to determine the right of property.

Feb. 11th.

Mr. Ch. J. MARSHALL delivered the opinion of the court; and, after stating the facts, proceeded as follows:

It is contended, by the plaintiffs in error, that the judge misconstrued the law in his instructions to the jury.

The case is admitted to be within the act of limitations of the state of Tennessee, and not within the letter of the exceptions. But it is contended that, as the plaintiffs were disabled, by statute, from surveying their land, and, consequently, from prosecuting this suit with effect, they must be excused from

*a* 1 *Wheat.* 476.

bringing it; and are within the equity, though not within the letter of the exceptions.

The statute of limitations is intended, not for the punishment of those who neglect to assert their rights by suit, but for the protection of those who have remained in possession under colour of a title believed to be good. The possession of the defendants being of lands, not within the Indian territory, and being in itself legal, no reason exists, as connected with that possession, why it should not avail them and perfect their title as intended by the act.

The claim of the plaintiffs to be excepted from the operation of the act is founded, so far as respects this point, not on the character of the defendants' possession, but on the impediments to the assertion of their own title.

Wherever the situation of a party was such as, in the opinion of the legislature, to furnish a motive for excepting him from the operation of the law, the legislature has made the exception. It would be going far for this court to add to those exceptions. It is admitted that the case of the plaintiffs is not within them, but it is contended to be within the same equity with those which have been taken out of the statute; as where the courts of a country are closed so that no suits can be instituted.

This proposition cannot be admitted. The difficulties under which the plaintiffs laboured respected the trial, not the institution of their suit. There was no obstruction to the bringing of this ejectment at an earlier day. If, at the trial, a survey had been

found indispensable to the justice of the cause, the sound discretion of the court would have been exercised on a motion for a continuance. Had such a motion been overruled, the plaintiffs would have been in the condition of all those who, from causes which they cannot control, are unable to obtain that testimony which will establish their rights. If this difficulty be produced by the legislative power, the same power might provide a remedy; but courts cannot, on that account, insert in the statute of limitations an exception which the statute does not contain. It has never been determined that the impossibility of bringing a case to a successful issue, from causes of uncertain duration, though created by the legislature, shall take such case out of the operation of the act of limitations unless the legislature shall so declare its will.

It as also been contended, that in this the possession is not under colour of title.

The ejectment was served on Ragan, who was the tenant in possession, and, on his motion, David Mabane and John Thomson, executors of the last will and testament of James Mabane, deceased, and landlords to the said Henry Ragan, were admitted as defendants with him in the cause. At the trial they produced a grant for the land in controversy to James Mabane, and proved, " that Ragan took possession of the same, under James Mabane, the grantee, in 1804, and continued to occupy the same ever since."

It is argued that, though Ragan is stated to have taken possession under Mabane, he is not stated to

have continued that possession under Mabane, and this court will not presume that he did so. Without such presumption, his possession, it is said, would not be under colour of title, and, consequently, would be no bar to the action according to the statute of Tennessee.

The court cannot yield its assent to this hyper-criticism on the language of the exceptions. The representatives of Mabane came in as defendants, and plead the general issue. They are stated on the record to be the landlords of Ragan. When Ragan is said to have taken possession under Mabane, and to have continued to occupy the land, the fair inference is that the possession was continued under the same right by which it was originally taken. Neither the statement of the counsel, nor the opinion of the court turns, in any degree, on the nature and character of Ragan's possession, but on the disability of the plaintiffs to survey their land. For all these reasons this court is decidedly of opinion, that the possessio of Ragan was the possession of Mabane, and was under colour of title.

Judgment affirmed.