No. 12,851.

MRS. E. J. WILLIAMS ET AL VS. POPE MANUFACTURING COMPANY.

SYLLABUS.

1. Exception of misjoinder of parties plaintiff, and improper cumulation of actions sustained by lower court. Reversed.
2. Not improper for a mother to sue in the same action for damages accruing to her individually, and for damages accruing to her minor child, as the result of one and the same act of defendant.
3. The fact that in the same individual, *in two capacities,* the right to sue resides, coupled with the fact of the common origin of the cause of action, determines the question presented in favor of that view which makes one suit suffice for both claims.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

---

*J. F. Pierson, Rogers & Dodds* for Plaintiffs, Appellants.

---

*William C. McLeod, Buck, Walshe & Buck* for Defendant, Appellee.

---

Argued and submitted November 22, 1898.
Opinion handed down December 19, 1898.
Rehearing refused January 23, 1899.

The opinion of the court was delivered by

BLANCHARD, J.　This is an action by a mother and minor daughter for damages growing out of the arrest and imprisonment of both, at the instance of the agents of defendant company, on a charge of breach of trust and embezzlement.

The accusation is averred to have been wholly false, wanton and malicious.

Mrs. Williams sues individually for ten thousand dollars, and then in her capacity as mother of Florence Williams, aged fourteen years, and for the use and benefit of the said Florence, she sues for ten thousand dollars.

She avers her residence to be in the State of Mississippi, that she is the wife of Charles H. Williams of that State, that her husband abandoned her and the six children of their marriage in 1893, and has since absented himself from the matrimonial domicile, and she is not now aware of the precise locality in Mississippi in which he may be found.

She asked to be authorized by the court to institute the suit and stand in judgment therein, and was, accordingly, so authorized.

Plaintiffs appear to have been temporarily in the city of New Orleans when subjected to the charge and arrest aforesaid.

Defendant, the day following their arrest, caused the charge to be dismissed, the plaintiffs were released from custody, and subsequently brought this action.

Defendant company excepted on various grounds, one of which was that there is an improper and illegal joinder of parties plaintiff, there being two distinct actions and demands prosecuted by and for two different plaintiffs cumulated in the same petition.

This ground of exception was sustained and the suit dismissed.

The judge *a quo* appears not to have passed upon the other grounds of exception, though all were embodied in the same plea and tried together.

Plaintiffs appealed.

For the purpose of the trial of the exception of misjoinder and improper cumulation the capacity of Mrs. Williams to sue individually and on behalf of her minor daughter must be admitted.

This leaves to be determined the plain question whether a cause of action arising in behalf of Mrs. Williams, growing out of the tort of defendant, and a cause of action arising in behalf of her daughter,

*growing out of the same tort,* may be cumulated in one and the same suit.

We think they may.

For the purpose of the suit the mother is assimilated to the character of tutrix of her daughter.

A common wrong is represented to have been inflicted on the two at one and the same time. The mother alleges she individually was damaged by it, and that her daughter, with her at the time and under her care and control, was damaged by it.

In Clairain vs. Telegraph Company, 40 La. Ann. 178, it was held that the claims of the widow and minors for damages were properly presented in the same suit.

The widow sued in her own right individually for $5,000.00 and on behalf of her minor children, as tutrix, for $5,000.00.

Defendant company, there as here, excepted upon the ground of improper joinder of parties upon distinct causes of action, and that the widow and children could not in the same suit claim the damages which each had separately sustained.

In approving the ruling of the trial judge denying the exception, this court said: "We think the ruling  *  *  *  proper, considering that all the damages claimed resulted from one cause, and all parties in interest were before the court, and that the widow was suing both in her individual and representative capacities, and since a judgment final and conclusive as to all parties could be rendered in the suit pending. It were better to end the controversy in the one suit than to remit the plaintiffs to two different actions."

In Curley vs. Railroad Co. 40 La. Ann. 812, the plaintiff sued claiming damages for herself individually and on behalf of her minor son, appearing in the same suit for him in her capacity as tutrix.

Denying defendant's exception, this court said: "The widow sues for her interest in her own right and for the interest of her minor child in her representative capacity. Both have an equal interest in the same cause of action  *  *  *  and there is a proper joinder of parties. The damages claimed resulted from one cause, relating to one liability on the part of defendant. All parties in interest are before the court and the judgment will be final and conclusive as to all."

Undoubtedly, if Mrs. Williams has capacity to institute this action for herself individually, and as the representative of her daughter,

the judgment to be herein rendered will form *res judicata*.  So, this contention cannot be raised.

The two claims trace their origin to a common source; they sprang from the same act of defendant; they arose at the same moment of time.

Why should she be driven to bring two suits, one in her own name and for herself individually, the other as mother for the use and benefit of her minor child?

If she recovers judgment for her daughter's account, the same capacity which authorized her to stand in judgment in the suit would authorize her to collect and receipt for the payment of the judgment. This could be done as well in the joint action as in a separate suit. The law abhors a multiplicity of actions.  *Interest reipublicae ut sit finis litium.*

The fact that there may be defenses to be urged good against the mother but not available as to the daughter, or *vice versa,* does not present a controlling opposition view to that discussed.  It may well be that, notwithstanding the claims of mother and daughter are based upon the same and a single act of defendant, and are in this sense cognate, separate defenses are available.  If so they may be set up and proven, and if the evidence warrants it a judgment may be rendered in favor of one of the claimants and against the other.  But the fact that in the same individual, *in two capacities,* the right to sue resides, coupled with the fact of the common origin of the cause of action, determines the question presented in favor of that view which makes one suit suffice for the two claims.

We will not pass upon the other grounds of the exception further than to remark that, in view of the allegations of plaintiffs' petition, much that is urged by way of exception is properly referable to the merits.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed, and it is now ordered that the exception of misjoinder and improper cumulation of actions be overruled, and that this cause be reinstated on the docket of the court *a qua* to be proceeded with according to the views herein expressed and the law, costs of both courts in this behalf expended to be borne by defendant and appellee.

NICHOLLS, C. J., takes no part, being absent, ill.