(78 South. 590)

No. 22881.

KOEPPING et al. v. MONTELEONE.

(April 29, 1918.)

*(Syllabus by the Court.)*

1. TUTOR OR GUARDIAN—RIGHT OF ACTION.

"Any person who has been, or shall be, appointed tutor or guardian of any minor residing out of the state of Louisiana, but within the United States, and who has qualified as such in conformity with the laws of the state or country where the appointment was made, shall be entitled to sue for and recover any property, rights, or credits belonging to the minor in this state upon his producing satisfactory evidence of his appointment as aforesaid, without being under the necessity of qualifying as tutor of the minor according to the laws of Louisiana." Civ. Code, art. 363.

2. INFANTS ⊜⟿78(1)—SURVIVING PARENT — SUIT IN BEHALF OF CHILD.

A surviving parent, who is not the qualified tutor or tutrix of his or her minor child, cannot sue on behalf of his or her minor child.

3. PARTIES ⊜⟿76(1)—OBJECTION TO CAPACITY OF PLAINTIFF—TIME FOR FILING.

An exception to the capacity of a plaintiff to sue and stand in judgment must be filed in limine.

4. LIMITATION OF ACTIONS ⊜⟿85(2)· — PRESCRIPTION — SUSPENSION — FUGITIVE FROM JUSTICE.

Being a fugitive from justice does not suspend prescription as to claims of persons residing in other states against the fugitive from this state.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Suit by Mrs. Caroline Koepping and others against Bernardo (or Ben) Monteleone. Exceptions sustained, and suit dismissed, and plaintiffs appeal. Affirmed.

Frank B. Davenport and Benjamin T. Waldo, both of New Orleans, for appellants. E. Howard McCaleb, of New Orleans, for appellee.

SOMMERVILLE, J. This is a suit sounding in damages, which was filed by the plaintiff September 30, 1913, for damages alleged to have been inflicted upon her daughter, aged 14 years, by the defendant, in the months of January and February, 1912, and for damages to herself resulting from the torts committed upon her daughter.

Plaintiff appears in her individual capacity, as the widow of William Davis, and now the wife, by a second marriage, of Henry Koepping, and also for the use of her minor child, Irene Davis, all residents of Chicago, Ill.

The suit is based upon an alleged breach of promise of marriage on the part of the defendant made to plaintiff's daughter, seduction, and other offenses extremely revolting and degrading, which are unnecessary to be recited here. Plaintiff's claim for damages to herself individually is based upon the humiliation, shame, and mortification resulting to her, as well as for certain expenses incurred by her because of the alleged wrongful acts of defendant.

Plaintiff alleged in her original petition that defendant was "formerly a citizen and domiciled in the city of New Orleans, but now a fugitive from justice, who has fled the law to parts unknown at present to your petitioner," and she asked that a curator ad hoc be appointed to represent the defendant, an alleged absentee, upon whom service of citation and copy of petition might be made. She subsequently alleged that the appointment of a curator was inadvertently applied for and made, and she asked that his ap-

143 LA.—12

pointment be annulled, and the order appointing him recalled, which was done.

In a supplemental petition, filed June 14, 1917, plaintiff alleged:

"That at the time of filing the original petition herein the defendant, Bernardo (or Ben) Monteleone, had a known place of domicile in this city at the Monteleone Hotel, and that he was at the stated period a fugitive from justice," etc.

She further alleged that he was represented in the city of New Orleans by certain persons as attorneys in fact, and she asked that they be cited and served, which was done. Upon the showing by these persons that they were not the attorneys in fact of defendant, plaintiff filed a second supplemental petition, in which she alleged:

"That petitioner is informed, and so avers, that as said defendant is a fugitive from justice, he has retained his domicile or residence, or the domicile he left in this city, and within the jurisdiction of this honorable court; that petitioner is informed, and thus avers, that a resident of this state forfeits his domicile by a voluntary absence of two years, but the absence of said defendant is not voluntary, but under compulsion, for the sole purpose of avoiding arrest under the act of Congress of June 25, 1910. * * * Petitioner further avers that the said defendant, Bernardo (or Ben) Monteleone, on the 6th day of October, 1910, made application for registration in the office of the registrar of voters in the parish of Orleans, and was duly registered under certificate No. 197 therein; that his residence was 1905 St. Charles avenue; that said defendant thus established his political and civil domicile and retained such domicile at the date of the filing of the original petition herein. Petitioner further avers that at the date of filing the original petition the defendant, Bernardo (or Ben) Monteleone, had also a residence in the Hotel Monteleone, at the corner of Royal and Iberville streets, in this city; that the said Hotel Monteleone was the last place of residence of the said defendant prior to his forced departure from the city of New Orleans. Petitioner also further avers that, inasmuch as the said defendant has been compelled to leave the jurisdiction of this honorable court to avoid prosecution, the domicile of the defendant has not been forfeited by such involuntary absence, but that the civil status of said defendant is simply suspended pending his return, and this honorable court has jurisdiction ratione personæ, and that citation and service of same according to law directed to one or both of his last places of domicile should issue herein, and that such citation is sufficient, proper and complete citation in fact and in law."

Domiciliary service was thereupon made upon defendant August 30, 1917; and he appeared through counsel October 16, 1917, and filed the following exceptions:

"Now comes Ben Monteleone, and for exceptions to plaintiff's original, supplemental, and amended petitions, for the use and benefit and in behalf of her child, Irene Davis, says:

"(1) That plaintiff is without right or capacity to represent said minor, or to stand in judgment herein for said minor, and that said minor is without authority or capacity to institute and maintain this suit or to stand in judgment herein.

"(2) And for exception to plaintiff's original, supplemental and amended petitions, on her own behalf, exceptor pleads the prescription of one, three, and five years."

Exception No. 1: This exception is taken to the right or capacity of plaintiff to represent her minor child in this suit, or to stand in judgment herein for her, and the right of the minor herself to institute and maintain the suit or to stand in judgment herein.

[1, 2] Plaintiff alleges that the marriage between her and the father of the minor herein involved was dissolved by the death of her husband; and she does not allege that she is the tutrix or has been appointed tutrix or guardian of her minor child. The suit is brought simply in her capacity as the mother of her minor daughter; both of whom are domiciled in Chicago, Ill. The law provides that:

"Any person who has been, or shall be, appointed tutor or guardian of any minor residing out of the state of Louisiana, but within the United States, and who is qualified as such in conformity with the laws of the state or country where the appointment was made, shall be entitled to sue for and recover any property, rights, or credits belonging to the minor in this state, upon his producing satisfactory evidence of his appointment as aforesaid, without being under the necessity of qualifying as tutor of the minor according to the laws of Louisiana." C. C. art. 363.

Plaintiff, as has been stated, does not allege that she has been appointed tutrix or guard-

ian of her minor child in the state of Illinois. She was therefore without authority to institute this suit on behalf of her minor child.

As regards minors residing in this state, the law is:

"Minors, persons interdicted or absent, cannot sue, except through the intervention or with the assistance of their tutors or curators." C. P. art. 108.

As there is no allegation in plaintiff's petition as to the law of her domicile, or that it is different from the law of this state, the presumption is that the law of Illinois is the same as the law of this state, and that minors cannot sue "except through the intervention or with the assistance of their tutors or curators." The law is clear and explicit; and it contains an express prohibition against minors suing in the courts of the state, except with the assistance of their tutors or curators.

In the case of Mayes v. Smith, 11 Rob. 503, where a father, after the dissolution of the marriage, styled himself the natural tutor of his minor children, and appointed an agent and attorney in fact to institute suit for him, and an exception was filed in limine to Mayes appearing in court for his children when he had not taken oath as natural tutor, the court say:

"We are of opinion that the exceptions were well taken, and ought to have been sustained, and the suit dismissed.

"Minors can only sue by their tutor, duly qualified to act as such. Even the natural tutor is required to take an oath before he can do any act as such. C. C. art. 328 (334). A judgment pronounced against minors would not be res judicata as to them, without its appearing that the person, claiming to represent them" was judicially appointed. This difficulty "is not cured by suing in the name of the minors themselves, assisted by their father. They cannot sue in their own names; it is their tutor alone who can sue in his [own] name. * * *"

And in the case of Mitchell v. Cooley, 12 Rob. 636, where an exception was filed to plaintiff's right and authority to sue as natural tutor of his children on the ground that he was not qualified to act in that capacity,

never having taken the oath required by law, the case of Mayes v. Smith, supra, was affirmed; and the suit was dismissed.

The law places the minor, not emancipated, in this state, under the authority of a tutor, after the dissolution of the marriage of his father and mother. C. C. art. 246. And he can only act through such tutor duly appointed and qualified.

Plaintiff contends that in the case of Williams v. Pope Mfg. Co., 51 La. Ann. 185, 24 South. 779, the suit of a mother (who had been deserted by her husband in Mississippi), for herself and minor child, was sustained, and the right of the mother to bring suit on behalf of the child was recognized. In that case the company excepted on various grounds, one of which was that there was an improper and illegal joinder of parties plaintiff, there being two distinct actions and demands, prosecuted by and for two plaintiffs, cumulated in the same petition. Other exceptions were also filed; but the exception above noted was the only one passed upon by the district court and reviewed by this court.

In passing upon the case, the court said:

"For the purpose of the trial of the exception of misjoinder and improper cumulation, the capacity of Mrs. Williams to sue individually and on behalf of her minor daughter must be admitted. For the purpose of the suit the mother is assimilated to the character of tutrix of her daughter."

The judgment appealed from was reversed, and the case was remanded for trial. On the new trial, the other exceptions filed in the suit were sustained; and the plaintiff took a second appeal to this court. 52 La. Ann. 1417, 27 South. 851, 50 L. R. A. 816, 78 Am. St. Rep. 390.

[3] In disposing of the exception to the right or authority on the part of plaintiff to prosecute the demand for the use and benefit of her minor child, the court, noting that there had been no dissolution of the marriage between plaintiff and her husband, and that the latter had simply disappeared, cited arti-

cle 81, C. C., as sufficient authority for plaintiff to sue in behalf of her minor daughter. That article reads:

"If a father has disappeared, leaving minor children born during his marriage, the mother shall take care of them and shall exercise all the rights of her husband with respect to their education, and the administration of their estate."

And it was also said that the father and mother "owe protection to their children, and of course they may, as long as their children are under their authority, appear for them in court in every kind of civil suit." C. C. art. 235. And the court proceeded to say, as such authority was conferred upon the father and mother jointly when both are present, that it stood to reason that the mother should be authorized to act separately and alone "in case the father had disappeared." Under such circumstances it was held that the mother, residing in Mississippi, was authorized to appear in court in this state in behalf of her minor child, and claim the damages due her by the defendant, and stand in judgment therefor.

The court did not discuss article 246 et seq. and article 328, C. C.; articles 108 and 109, C. P., in the Williams Case; and in that case the exception to the capacity of plaintiff to sue was not filed first. It followed other exceptions which had the effect of admitting the plaintiff's capacity to sue.

The exception to the capacity of plaintiff to stand in judgment in this case was excepted to in limine. There was no other exception or plea filed which might have had the effect of admitting the capacity of the plaintiff to sue.

We have also been referred to the decision of the court in the case of Creagh v. New Orleans Ry. & Light Co., 128 La. 305, 54 South. 828, which was brought by a mother, who had married a second time, for personal injuries to her minor son of a former marriage. In that case Mrs. Creagh sued as the natural tutrix of her son; and no exception was filed in limine to her capacity to sue. That exception appears to have been filed in the answer; and plaintiff qualified as natural tutrix before the trial of the case on the merits. It was there said:

"The general rule of law is that any person, natural or artificial, may sue in the courts of the country."

And the exception in the answer was overruled. The codal provisions were not referred to or considered in that case.

In view of the law that minors, after a dissolution of the marriage of their parents, must be placed under the authority of a tutor, and the prohibition contained in article 108, C. P., to the effect that "minors cannot sue except through the intervention of or with the assistance of their tutors or curators," the exception to the capacity of plaintiff to sue and stand in judgment herein was properly sustained.

[4] Exception No. 2: This exception is taken to plaintiff's petition for damages in her own behalf; and the prescription of one, three, and five years was pleaded.

The tort complained of by plaintiff is alleged to have occurred in the months of January and February, 1912, and suit was not instituted until September 30, 1913, more than one year thereafter, and citation upon defendant was not made by domiciliary service until August 30, 1917.

It is argued on behalf of plaintiff that, inasmuch as defendant is alleged by her to be a fugitive from justice, that prescription was and is suspended during his absence from the state; but she refers to no law to sustain her position.

She refers to an exception to the general law contained in Act No. 148 of 1898, § 1, p. 262, which provides, with reference to citizens of this state:

"That no prescription shall run against any claims, rights, or causes of action, held or asserted by a citizen of the state of Louisiana, against a former citizen or resident of this

state, who shall be a fugitive from justice and who shall be without a representative or agent upon whom legal process may be served."

But plaintiff is not a citizen of the state of Louisiana. She alleges herself to be a citizen of Chicago, in the state of Illinois.

In the case of Smith v. Stewart, 21 La. Ann. 67, 99 Am. Dec. 709, where the claim of suspension of prescription was urged because of the existence of the Civil War during the years 1862–66, which covered the date of the tort complained of in that case, the article of the Code 3457 was quoted to the effect that:

"Prescription is a manner of acquiring the ownership of property, or discharging debts, by the effect of time, and under the conditions regulated by law."

And article 3521 (3487) was quoted, which declares:

"Prescription runs against all persons, unless they are included in some exception established by law."

Plaintiff has not suggested any exception established by law in her favor. The exceptions are enumerated in the Code and in the act of 1898. The defendant, being a fugitive from justice, is not among the exceptions established by law in favor of a citizen of another state who has a claim against the fugitive.

Article 3541 (3506) says:

"The prescription mentioned in the preceding article, and those described above in paragraphs I and II, run against minors and interdicted persons, reserving, however, to them their recourse against their tutors or curators. They run against persons residing out of the state."

Here is express provision of law declaring that prescription runs against plaintiff in this cause.

In discussing the law of prescription, Mr. Chief Justice Marshall, in McIver v. Ragan, 2 Wheat. 25, 4 L. Ed. 175, said:

"Whenever the situation of a party was such as, in the opinion of the Legislature, to furnish a motive for excepting him from the operation of the law, the Legislature has made the excep-tion. It would be going far for this court to add to those exceptions."

And the Supreme Court of the United States held, in the case of Bank of the State of Alabama v. Dalton, 9 How. 522, 13 L. Ed. 242:

That "acts of limitation furnish rules of decision, and are equally binding on the federal courts as they are on state courts, is not open to controversy; the question presented is one of legislative power, and not practice. * * * The act itself makes no exception in favor of a party suing under the circumstances of these plaintiffs. So the Supreme Court of Mississippi held in the case of McClintock v. Rogers, 12 Smedes & M. [Miss.] 702; and this is manifestly true on the face of the act. The Legislature having made no exception, the courts of justice can make none, as this would be legislating."

The Legislature of this state might have established an exception to meet the contingencies of this case, but it has not; and the court cannot.

The Code has furnished a rule, and it is imperative, even if that rule is shown to be defective, and careful and weighty considerations of policy are appealed to in favor of another view. The remedy is in the hands of the Legislature. In Cox v. Von Ahlefeldt, 105 La. 544, 582, 30 South. 175, where suit was instituted on behalf of an imbecile who had not been interdicted, the court said that the exception made in the law was in favor of minors and interdicted persons and that the breach would not be widened for the purposes of the case then before it, so as to include an imbecile who was not interdicted.

Plaintiff does not allege why her suit for damages was not filed within one year after the commission of the tort complained of, or why domiciliary service was not made on defendant for more than five years thereafter.

The exceptions filed by defendant were properly sustained.

The judgment appealed from is affirmed at plaintiff's costs.

O'NIELL, J., concurs in the decree.