No. ——

First Circuit

---

POWE ET ALS v. MORGAN'S LA. AND TEX. R. R. & S. S. CO.

---

(June 7, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Pleading—Par. 38, 40, 59, 69.
An alternative plea presented in the answer cannot be permitted to function as an exception to the capacity of plaintiff to stand in judgment, which exception must be pleaded in limine litis under Article 333 of the Code of Practice.

2. Louisiana Digest—Death by Wrongful Act—Par. 6.
Where the surviving wife was separated from her husband at the time of his

death, although an interchange of letters shows the continued existence of affection between them, there being no positive evidence to show that she was living with another at the time, she is entitled to recover damages for the wrongful death of her husband.

3. **Louisiana Digest—Carriers of Passengers and Goods—Par. 27, 35.**

Where the testimony shows that a railway collision accident was caused by the absolute disregard by the engineer of orders, the railway company can be held liable for the death of a passenger.

4. **Louisiana Digest—Insane and Insane Asylums.**

An engineer, who, having disobeyed train orders, jumps to save his life, is not temporarily or permanently insane because he responded to the instinct of self-preservation.

5. **Louisiana Digest—Carriers of Passengers and Goods—Par. 44; Death by Wrongful Act—Par. 23.**

Fifteen Hundred Dollars for the wife and Three Thousand Dollars each for the two minors is sufficient quantum of damages for the death of the husband and father in a railroad accident, much discretion being vested in the trial judge in cases of this character.

### ON REHEARING

6. **Louisiana Digest—Death by Wrongful Act—Par. 26.**

Where the widow has not qualified as tutrix of her minor children in a suit for the death of her husband, the interests of the minors and the defendant will be protected by permitting the defendant to deposit the money due the minors with the court, rule the parties into court and be acquitted of further liability.

Appeal from the Parish of St. Mary.

Action by Mrs. Sallie Hundley Powe et als against Morgan's L. & T. R. R. & S. S. Company.

There was judgment for plaintiffs and defendant appealed.

Judgment affirmed.

James R. Parkerson and Wilbur P. Kramer, of Franklin, and Jacob Allen Cohen, of Chicago, attorneys for plaintiffs, appellees.

Brumby & Bauer, of Franklin, attorneys for defendant, appellant.

MOUTON, J. Lynch Powe, while a passenger on one of defendant's trains, was killed in a headon collision at or near Ricohoc Switch in the Parish of St. Mary, on March 22, 1925.

This suit is brought by his surviving spouse, individually, and as the legal guardian of their two minors, Leotice and Oramy Powe, for the recovery against defendant company of the total sum of $25,000.00 in damages.

In its answer to the demand, defendant excepts to plaintiff's petition because it discloses no right and no cause of action, and alleges that in the event said exceptions be overruled, then, in the alternative answers the demand of the plaintiff.

The first contention of the defendant is that plaintiff by way of caption to her petition described herself as "legal guardian" of the minors, Oramy and Leotice Powe; that she nowhere alleges that she was the legal guardian nor how she has been appointed. In the caption of her petition Sallie Hundley says, she appears "individually and as legal guardian of the minors, Leotice Powe and Oramy Powe".

In paragraph one of her petition she alleges that defendant company is indebted to her "individually and as legal guardian of said minors" in the sum of $25,000.00.

This averment in paragraph one that she was the legal guardian of these minors was alleged as a fact and was sufficient with the captain to show in what capacity she came into court. It is true she does not

say how she was appointed but the allegation of a legal guardianship infers as a necessary consequence that the appointment was by lawful authority.

Counsel for defendant next contend that the exception of no right of action is in the nature of or is equivalent to one directed against the capacity of Sallie Hundley to institute this suit for the minors.

C. P. Article 108 reads: "Minors, persons interdicted or absent, can not sue, except through the intervention or with the assistance of their tutors or curators". It is clear from the language of that article that it is the minor who sues, but does so through the intervention of his tutor. In other words, that the right of action is in the minor, but that it is exercised for him on account of his minority, by his tutor who appears in a representative capacity. The same rule should apply to a guardian residing out of the state. The fact is that the Supreme Court in Koepping vs. Monteleone, 143 La. 353, 78 South. 590, made no distinction in the application of the rule governing in such cases, between suits brought by guardians or tutors. If before answering, defendant had excepted to the petition, on the ground that plaintiff was without right or capacity to represent the minors the question would have been presented in proper form. Such a plea can not be considered as being properly urged under an exception of no right of action. Defendant's counsel evidently realized the difficulty of the situation and we presume, for that reason, presented it as an alternative plea. Such an exception is dilatory in character, and under provisions of Article 333, C. P., must be filed in limine litis. This article goes a little further than that and says, positively, in the concluding clause: "Nor shall such exceptions hereafter be allowed in any answer in any cause". It was presented here in the answer in the teeth of this prohibitory provision of that article. By presenting the exception in the innocent appearance of an alternative, defendant attempted probably to escape the prohibition referred to in Article 333, C. P. It is an axiom, however, that a party will not be permitted to do indirectly, that which he can not do directly. This alternative plea, though skillfully presented in the answer can not be permitted to function as an exception to the capacity of plaintiff to stand in judgment which must be pleaded in limine.

C. P. 333.

Lafon's Executors vs. Made Riviere, 1 Mart. (N. S.) 130.

Heirs of Kempe vs. Hunt, 4 La. 477.

Gay vs. Ardry, 14 La. 288.

Dyer & Stevenson vs. Drew, 14 La. Ann. 657.

Cure vs. Parte, 18 La. Ann. 206.

State of Louisiana vs. Redding, 21 La. Ann. 188.

Lucy Beard and Husband vs. Duralde, Jr., 32 La. Ann. 284.

Adams & Co. vs. Coons, et al, 37 La. Ann. 305.

Reisz vs. K. C. S. R. Co., 148 La. 929, 88 South. 120.

Koepping et al vs. Monteleone, 143 La. 353, 78 South. 590.

By failing to plead to the capacity of plaintiff before answering, exception to the right of plaintiff to stand in judgment for the minors has been waived by defendant.

Defendant, on the merits, contends, that plaintiff had deserted and left her husband, Lynch Powe, and was living separate and apart from him, that she had been unfaithful to her marriage vows, and personally was not entitled to damages for his death.

The trial judge, in passing on this question, said:

"The evidence satisfies me that though the plaintiff was living separate and apart from her said husband, that there still remained the relation of husband and wife with its correlative duties. It is in evi-

dence that the plaintiff, her husband and two children, moved from the State of Mississippi to Chicago. That the husband remained in Chicago with plaintiff as husband and wife for six or seven weeks, returning South due to his health, and leaving his wife and children with her brother, who resided in Chicago; this in September, 1923. That from that time up until his death he communicated with plaintiff approximately every two weeks, sending her money on each occasion for her and his children's support. Though these alleged letters are not made part of the record, having been destroyed, her statement uncontradicted by any other witness or circumstances, must be accepted as true. The interchange of letters between husband and wife never results in their retention by either spouse, they being customarily destroyed on receipt.

"It is true that the plaintiff may have been guilty of indiscretions, but such indiscretions can be considered as mostly characteristic of the colored race. There is no positive testimony to convince me that she had abandoned her husband and was living as the concubine of another. I am unable to deduce that from the evidence, more so in view of the testimony showing the contrary. Such indiscretions which she may have been guilty of can not, in the eyes of the law, defeat her from her just claims. There still existed between the plaintiff and her husband the relation of husband and wife, and even though separated, an interchange of letters showing the continued existence of affection between them".

In the foregoing excerpt from the opinion of the District Judge, we find a fair analysis of the evidence on the contention of the defendant in reference to the alleged abandonment of deceased by plaintiff, his surviving wife, and a correct application of the rule of law governing in cases of this character, and which entitles plaintiff to recover in damages.

The next contention of the defendant is that it was not negligent when the collision occurred and can not be held responsible.

On this subject, the District Judge said:

"The evidence discloses that the husband of plaintiff—father of the minor children—had purchased a ticket and that he was a passenger on train No. 12. It is in evidence that the crew of train No. 12 were given specific orders to enter the switch known as 'Ricohoc Switch,' so as to allow train No. 109, a through passage on defendant's main track. That on train No. 12 reaching the mile board one mile west of the west end of Rihohoc switch, that the engineer blew the whistle. That on passing the water tank near Ricohoc Switch that the engineer was warned by the fireman of his orders to stop. That in spite of said warning said engineer continued at the same rate of speed, past the east end of the switch where the collision occurred with train No. 109 traveling westward.

"The evidence satisfies me that the sole cause of the accident was a total and absolute disregard of the engineer on train No. 12, on which plaintiff's husband was a passenger, of his specific orders. The testimony shows that had he obeyed his orders, and entered the switch as he should have done, the collision would not have occurred. I cannot consider that such an act can be traced to a lapse of memory, because the record conclusively shows that the engineer up to the point of the collision responded to the various warnings issued by the conductor; and answered to the one in charge that he was in control of the train and mindful of his orders. The violation of orders under such conditions constitutes a reckless disregard of the rights of passengers, and for which defendants must stand responsible."

This finding of fact below on this part of the defense meets with our entire approval, also the conclusions of law holding defendant company liable for this reckless conduct of the engineer. Here, it is strenuously urged that the engineer had long been in the service of defendant company, was entirely reliable, and that his recklessness on the occasion mentioned can be ascribed only as a result of a moment of temporary insanity. The proof is that when the engineer passed the switch where he had been ordered to

stop, came within sight of the other train, and saw the imminent danger of collision, that he leaped from his cabin to save his life. The insane, temporarily or permanently so, are usually unconscious or defiant of danger. The promptness with which the engineer responded to the instincts of self-preservation rather denotes that he was sane and not insane. It certainly does not sustain the contention of temporary insanity, the only plausible plea under which the defendant company could expect to escape liability.

The defendant claims that the award of damages decreed by the District Judge is excessive.

Plaintiff, for herself, asks $10,000.00 for loss of support and maintenance, and $2500.00 for distress and mental suffering. Her husband was thirty-one years of age at the time of his death; was getting a weekly wage of $16.80, and every two weeks sent plaintiff $8.00 or $10.00 while he was South where he had returned for his health. The judge allowed plaintiff $1500.00, individually. This amount is not excessive.

One of the minors is five, and the other, six. He gave each minor $3000.00 in damages. The amounts allowed these minors, we consider, fair for the loss of their father, thus depriving them of his support so early in life.

Much discretion is vested in trial judges in fixing the amount of damages in cases of this character. C. C. 1934; Kent vs. Baton Rouge Electric Co., 154 La. 142, 97 South. 344. The evidence does not indicate that he has abused his discretion in that respect to justify us in reducing the award as asked by defendant or to increase it for plaintiff, individually, as prayed for by her.

The final contention of the defendant is that the judgment bears interest from judicial demand, though not awarded by the decree.

The plaintiff prayed for legal interest from judicial demand. Under Act 206, 1916, plaintiff had an absolute right to recover this interest. Caldwell vs. City of Shreveport, 150 La. 465, 90 South. 763. It was properly included in the judgment. There is no merit in this contention.

We find no error in the judgment appealed from and which is therefore affirmed with cost.

Per Curiam:—

The failure of defendant company to file an exception in limine to the capacity of plaintiff to sue constituted a waiver as was held in our original opinion.

To waive is to give up, to abandon, relinquish. Caufield vs. Finnegan, 114 Ala. 30, 48, 21 South. 484. Bouvier. When one has waived any right, whether conferred by law or contract, he is precluded from claiming anything by reason of it afterwards. Smiley vs. Barker, 83 Fed. 684, 687; 28 C. C. A. 9. It is therefore very doubtful if defendant, on the merits, could have opened the issue involving the qualifications of plaintiffs to sue, having failed to urge this defense by exception in limine. In order to avoid, however, any further discussion of this question, it is therefore ordered that the District Judge take such precautions as he may deem necessary or proper to protect the interest of the minors and to acquit the defendant of further liability before permitting the plaintiffs to collect or execute the judgment in favor of the minors. And to enforce that protection the defendant may deposit the sum due the minors in the registry of the court, rule the parties into court and be acquitted of further liability. Badie vs. Columbia Brewing Company, 142 La. 861, 77 South. 768.