The lower Court in a written opinion has set forth the issues in this case and has correctly determined them. The opinion is as follows:
"Plaintiff sues defendant on a note for the sum of $300.00, dated September 15, 1936, payable at the rate of $25.00 per month, the first installment to become due October 15, 1936. The note bears interest at 3 1/2% per month. The note is payable to the Southland Investment Company and was given under the small loan law, Act No. 7 of the Special Session of 1928. This suit was filed on January 20, 1944. Plaintiff does not allege any payment or acknowledgement of or on the note, but does allege:
"`That after signing the attached note, the said L.E. Plaisance left the State of Louisiana, and your petitioner was unable to locate him or his whereabouts; that your petitioner only recently learned of defendant's return to the State of Louisiana.'
"Defendant has filed a plea of prescription and an exception of no cause of action.
"The note is marked on its face `Non Negotiable Instrument'. Defendant concedes that the present plaintiff is licensed under the Small Loan Law. We see no reason why plaintiff may not institute a suit on the note, hence the exception of no cause of action is overruled.
 "Plea of Prescription
"Article 3540 Revised Civil Code provides that actions on notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable. Hence under the Article, it appears that prescription has run against plaintiff, unless plaintiff's contention that the prescription was interrupted during the absence of defendant from the State at a place known to plaintiff. It is argued by defendant that Mr. Plaisance, who has long served on the Police *Page 848 
Force of the City of Shreveport, maintained a residence here and was only temporarily absent from the State of Louisiana, the plea was submitted on the face of the papers and we so consider it. Plaintiff does not allege when the defendant left the State nor the purpose of his leaving, but contends that the doctrine of contra non valentem protects a plaintiff in a case of this kind and cites the cases of Blossman v. Mather, 5 La.Ann. 335, and McMasters v. Mather, 4 La.Ann. 418, as authority in his favor. The cases use expressions to the effect that where a debtor conceals himself or absconds with the intent to hinder his creditors from pursuing him, prescription will not run in his favor. This is an equitable provision based on the theory that one who is at fault cannot reap the benefit of his own wrongdoing, and has been applied in several cases.
"In the case of Rabel v. Pourciau, 20 La.Ann. 131, we think a leading case, which discusses the doctrine, and the syllabus in part says:
"`Where a bill of exchange or promissory note has been suffered to prescribe, and the evidence shows that the holder could have brought suit before prescription obtained, he cannot invoke the maxim contra non valentem * * *. This maxim has no application to the prescription of bills and notes, where suit might have been brought before prescription obtained.'
"In the cited case there were no courts or officers of courts in Pointe Coupee, but there was no legal impediment during the last six months of the running of prescription which prevented the plaintiff from acting. There is no allegation in plaintiff's petition to show that he could not have filed suit at any time after maturity of the note, even though defendant may have concealed himself to avoid being cited, as Act 39 of 1932 provides:
"`The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts.'
"Whatever may have been the law prior to the adoption of the above Act, when you had to serve a defendant to interrupt prescription, we think that now where the mere filing of the suit would interrupt prescription, plaintiff should have filed the suit and thereby interrupted prescription, and failing so to do, he cannot take advantage of his own fault and invoke the doctrine here claimed. Plaintiff argues that it would have been a vain and useless thing to sue defendant here when he had no property and service could not be had or judgment rendered. We do not think so. Plaintiff would have interrupted prescription on the note that he now sues on.
"We think that the question of prescription and the interruption thereof is statutory and we are bound thereby. In the case of Koepping v. Monteleone, 143 La. 353, 78 So. 590, the defendant was a fugitive from justice from this State and the Court held that the statute that suspends prescription as against those who are fugitives from justice, did not run in favor of those who are not residents of this state (Act 148 of 1898), and as the law did not fix the interruption of prescription in favor of a non-resident against one who was a fugitive from justice, the Court could not supply it on the ground of equity — and we say here that, since it is not alleged that defendant was a fugitive from justice, there appears no interruption of the prescription in favor of plaintiff, who is a resident of this State.
"As stated, whatever may have been the jurisprudence with respect to the doctrine in cases where the defendant `prevents' plaintiff from taking action against him, the doctrine is now inapplicable to a case where the defendant leaves the State without advising plaintiff of his whereabouts, because plaintiff can file suit and thereby interrupt the prescription if he so desires, hence the action of defendant does not prevent plaintiff from suing or filing suit, hence the case does not fall within the equity rule that the defendant cannot take advantage of his own wrongful act, and the plea is therefore sustained."
However, we are of the opinion that the case can be determined in defendant's favor for another reason: Plaintiff did not offer any proof to sustain its allegation which it contends interrupted the running of prescription. The case was tried solely on the face of the pleadings which clearly show that the five-year prescription has run, unless it had been suspended. The plea of prescription admitted the debt, except insofar as it was prescribed. If the plea of prescription admitted the allegations made to take the debt out of prescription, it would be self-destructive. It was *Page 849 
therefore necessary for plaintiff to make proof of its allegations, which it claimed took the debt out of prescription. It failed to do so, and the plea of prescription was correctly sustained.
The judgment of the lower Court is therefore affirmed, with costs.