**Anna Jo WILSON and Emmitt P. Wilson**

v.

**DAKE CORPORATION et al.**

Civ. No. 3–80–248.

United States District Court,
E. D. Tennessee, N. D.

Sept. 25, 1980.

Robert E. Pryor, Knoxville, Tenn., David H. Dunaway, LaFollette, Tenn., for plaintiffs.

Jonathan H. Burnett, J. W. Baker, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is a products liability action premised on strict liability (Rest.2d Torts § 402A) and breach of warranty theories (T.C.A. §§ 47–2–313, 47–2–314). Plaintiffs allege that Anna Jo Wilson was injured in June 1979, while operating a machine manufactured by defendant Dake Corporation. The parties do not dispute that the machine was sold to plaintiff's employer in 1963. Accordingly defendant Dake Corporation has moved for summary judgment claiming that the cause of action is barred by the ten–year statute of limitations contained in T.C.A. § 23–3703.

Plaintiff argues that the statute of limitations is not applicable because defendant had a continuing duty to plaintiff to warn of the dangers of the machine, to provide updated safety instructions, and to install updated safety equipment on the machines.

T.C.A. § 23–3703 provides, in pertinent part, that a products liability action

*in any event,* ... must be brought within ten (10) years from the date on which the product was first purchased for use or consumption....

The Tennessee Products Liability Act, T.C.A. § 23–3701 *et seq.*, covers "all actions based on the following theories: strict liability in tort; ... breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct...." T.C.A. § 27–3702. We are of the opinion that under the clear meaning of the statute, plaintiffs' action is barred.

Accordingly, it is ORDERED that defendant's motion for summary judgment be, and the same hereby is, sustained, and that the case be dismissed.

Order Accordingly.