**Charlean B. HINTON, as Administratrix of the Estate of Jerry Glenn Hinton, deceased, on behalf of herself and as the next friend of Tommy Hinton and Anthony Hinton, minor children of herself and Jerry Glenn Hinton, deceased, Plaintiff,**

v.

**TENNESSEE RIVER PULP & PAPER COMPANY, a Delaware corporation; Westinghouse Electric Corporation, a Pennsylvania corporation.**

Civ. A. No. 80–G–0946–NW.

United States District Court,
N. D. Alabama,
Northwestern Division.

March 23, 1981.

Michael L. Weathers, Patterson & Weathers, Florence, Ala., for plaintiff.

John H. Morrow and Samuel H. Franklin, Bradley, Arant, Rose & White, Birmingham, Ala., for defendant Westinghouse.

Braxton W. Ashe, Almon, McAlister, Ashe, Baccus & Smith, Sheffield, Ala., for defendant Tennessee River Pulp & Paper Co.

## MEMORANDUM OPINION

GUIN, District Judge.

This case is brought as a products liability action premised on strict liability, negligence, and wantonness. This court has jurisdiction due to diversity under 28 U.S.C. § 1332. Plaintiff alleges that Jerry Glenn Hinton suffered injuries on April 10, 1980, from which he died five weeks later. At the time of his injury, Jerry Glenn Hinton was painting a transformer manufactured by the defendant Westinghouse Electric Company on the premises of the defendant Tennessee River Pulp & Paper Company. The parties do not dispute that the transformer and switch in question were put into use no later than 1961. Accordingly, defendant Westinghouse Electric Corporation moved the court to enter a summary judgment in its favor due to the ten-year statute of limitations applicable against a manufacturer or seller stated in Tenn.Code Ann. § 23–3703.

The Tennessee Products Liability Act of 1978, Tenn.Code Ann. § 23–3701 *et seq.*, includes, but is not limited to:

... all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever.

Tenn.Code Ann. § 23–3702(g).

The applicable statute of limitations, which is *poorly* punctuated, states:

Any action against a manufacturer or seller of a product for injury to person or property caused by its defection or unreasonably dangerous condition must be brought within the period fixed by §§ 47–2–725, 28–304, 28–305 and 28–314, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors ....

Tenn.Code Ann. § 23–3703(a).

Plaintiff argues that this statute sets forth three separate statutes of limitations; therefore, the plaintiff should be allowed to proceed with discovery on the anticipated life of the product.

Despite the poor placement and punctuation of the phrase "in any event," it is clear to this court that the phrase "whichever is the shorter" means that the maximum length of time that the statute of limitations could be extended is the ten years from the date on which the product was first purchased for use or consumption; a longer anticipated life of the product would only make the ten-year provision applicable. Thus, this court is of the opinion that under this statute, plaintiff's action against the manufacturer, Westinghouse Electric Corporation, is barred.[1]

An order consistent with this Memorandum Opinion is entered contemporaneously herewith.

---

1. *Cf. with Wilson v. Dake Corp.*, 497 F.Supp. 1339 (E.D.Tenn.1980).