Jennifer Kay Brumit **MATHIS**, et vir., **Plaintiffs**,

v.

**ELI LILLY AND COMPANY,** Defendant.

No. CIV–2–81–169.

United States District Court, E.D. Tennessee, Northeastern Division.

Oct. 15, 1981.

---

See also, 6th Cir., 719 F.2d 134.

Samuel B. Miller, II, Johnson City, Tenn., for plaintiffs.

J. Paul Coleman, Johnson City, Tenn., and Timothy A. Pratt, Kansas City, Mo., for defendant.

### MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a diversity of citizenship products-liability action in which damages are sought for personal injury and loss of consortium. 28 U.S.C. §§ 1332(a)(1), (c), 1441(a). The defendant moved for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, on the ground that the claims of the plaintiffs are barred by the applicable statute of limitation. Such motion has merit.

This action is governed by the law of Tennessee. 28 U.S.C. § 1652; *Erie R. Co. v. Tompkins* (1938), 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 1194. Under that law, this action must have been commenced *inter alia* " * * * within ten (10) years from the date on which the product was first purchased for use or consumption * * *." T.C.A. § 29–28–103(a), formerly T.C.A. § 23–3703.

▮ It is not disputed herein that this action was not commenced within such 10-year period.[1] Nonetheless, the plaintiffs argue that such statute of limitation is unconstitutional.

▮ The plaintiffs set forth their constitutional theories in a 6-page brief. What they appear to overlook, however, is that this Court (*per* Chief Judge Wilson) has already rejected those same arguments and upheld against constitutional attack the foregoing period of limitation.[2] *Buckner v. GAF Corp.*, D.C.Tenn. (1979), 495 F.Supp. 351. Such ruling was affirmed recently by the Court of Appeals for this Circuit " * * * on the basis of the opinion of Judge Wilson." Order of May 11, 1981 in no. 80–5329.

It is recognized that application of the 10-year period of limitations herein may well operate to bar the claims of the plaintiffs prior to the date of the injury or its

---

**1.** The poor draftsmanship and punctuation used in this statute makes its construction and application as to minors somewhat challenging. The plaintiffs interpret it as permitting this action to have been commenced *within 1 year after the* female plaintiff attained the age of majority, even though the 10-year period had long since expired. Even under this view of the statute, the plaintiffs recognize that the period in which they could have brought this action had run on October 18, 1974, one year following her 18th birthday.

**2.** Other district judges have granted summary judgment to defendants on the ground that the particular action is barred by the 10-year period of limitation. *See Hinton v. Tennessee River Pulp & Paper Co.*, D.C.Ala. (1981), 510 F.Supp. 180; *Wilson v. Dake Corp.*, D.C.Tenn. (1980), 497 F.Supp. 1339. In neither of these decisions, however, was the constitutional issue addressed.

discovery. " * * * 'This conclusion is harsh, but it is demanded under the statutory scheme.' * * * " *Ibid.*, 495 F.Supp. at 355, quoting from *Watts v. Putnam County* (Tenn., 1975), 525 S.W.2d 488, 492.

It is well-settled that statutes of limitation are vital to the welfare of society and favored in the law. *Wood v. Carpenter* (1879), 101 U.S. 135, 25 L.Ed. 807, 808. They " * * * are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system. * * * " *Board of Regents v. Tomanio* (1980), 446 U.S. 478, 487, 100 S.Ct. 1790, 1796, 64 L.Ed.2d 440, 449[3]. A loss is inherent in any period of limitation; such periods are established to cut-off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. *Kavanagh v. Noble* (1947), 332 U.S. 535, 539, 68 S.Ct. 235, 237, 92 L.Ed. 150, 153 (headnote 2).

Any remedy for the inequities resulting from the application of a statute of limitation must be provided by the legislature, not the courts. *Idem.* The Tennessee General Assembly has created an exception to the periods of limitation of T.C.A. § 29–28–103(a) for actions resulting from exposure to asbestos. *See* T.C.A. § 29–28–103(b). Such legislative body has not opted to create a similar exception for actions resulting from exposure to diethylstilbestrol. This Court lacks the power to insert in the statute of limitation such an exception. *McIver v. Ragan* (1816), 15 U.S. (2 Wheat.) 25, 29, 4 L.Ed. 175, 177 (Marshall, C.J.); *Peak v. Buck* (1873), 62 Tenn. (3 Baxt.) 71, 73; *see Akron Presform Mold Company v. McNeil Corporation*, C.A. 6th (1974), 496 F.2d 230, 233[4], certiorari denied (1974), 419 U.S. 997, 95 S.Ct. 310, 42 L.Ed.2d 270.

There being no genuine issue of material fact extant between the parties herein, and the defendant being entitled to a judgment as a matter of law, its motion for summary judgment hereby is

GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will enter that the plaintiffs take nothing from the defendant herein.