REGAN, Judge.
Plaintiff, Siegfried Weil, instituted this suit ex contractu, against defendant, Eastern Air Lines, Inc., endeavoring to recover the sum of $1400, representing the loss on September 1st, 1947, of rare and valuable stamps which were contained in his baggage.
Defendant, in reply thereto, filed exceptions of “no legal right of action” and “no legal cause of action.”
The judge, a quo, maintained defendant’s exception of “no cause of action” and dismissed the suit, hence this appeal by plaintiff.
Plaintiff alleged in his petition that, on September 1st, 1947, he purchased a ticket from Eastern Air Lines, Inc. for a valuable consideration from New York to New Orleans, on their flight No. 509. Plaintiff was “informed at that time that defendant would not be responsible for any loss of or damage to his baggage in excess of $100'.-00.” Plaintiff “had with him a collection of rare and valuable stamps in his baggage.” Apparently desiring to insure these stamps against loss or damage, plaintiff for a “valuable consideration, purchased Excess Valuation Ticket No. 721-05222 to protect bis baggage in its full value up to $2,000.00.” Plaintiff then “delivered his baggage to defendant in good condition, securely locked”, and he “was transported with his baggage to New Orleans.” Upon his “arrival in New Orleans” plaintiff “was informed by *778 one of defendant’s agents that his baggage had been cut and that there might be some loss of” plaintiff’s “property.”
Plaintiff “turned over to William Cam-bre, an agent of defendant, at the Moisant International Airport, Kenner, Louisiana, his ticket, and his Excess Valuation Ticket and declared his loss of the stamps.”
Defendant refused to honor plaintiff’s claim for the value of the stamps, hence this suit.
Both plaintiff and defendant prayed for oyer of “Excess Valuation Ticket No. 721-05222” and each insisted that the other had possession of the “ticket.” The “ticket” apparently was never produced as the record does not reflect its existence therein.
Plaintiff contends that the judge, a quo, erred in maintaining defendant’s exception of “no cause of action” and that a reasonable interpretation or construction of the provisions of Local and Joint Passenger Rules, Tariff No. PR-2 governing the transportation of passengers and baggage, issued under the authority of the Economic Bureau of the Civil Aeronautics Board pursuant to the Civil Aeronautics Act, 49 U.S. C.A. § 483, which both litigants concede is applicable to his case, would afford plaintiff the relief which he seeks, in that it would confirm defendant’s liability to plaintiff “for the loss of his personal property other than baggage.”
Secondly, plaintiff contends that in the event we should reject the foregoing interpretation or construction of the Rule, then, in the alternative, he insists that "defendant should be held liable * * * for the loss of his stamps as baggage properly so called.”.
Defendant, in opposition thereto, maintains that “it is not alleged that plaintiff, at any time, advised defendant that his baggage contained a collection of rare and valuable stamps amounting to $1400.00” and “that the collection of rare and valuable stamps is not baggage within the meaning of the regulations and that it is not liable to plaintiff, particularly where there is no charge that the' loss was due to its negligence.”
The pertinent paragraphs of the Local & Joint Passenger Rules, Tariff No. PR-2 reads as follows:—
“(B) Articles acceptable as — General. Except as otherwise provided in this Rule, each participating carrier will accept for transportation as baggage such personal property as is necessary or appropriate for the wear, use, comfort, or convenience of the passenger for the purpose of his trip. * * *
* * * * * ⅜
“(I) Liability for — Value. The liability, if any, of a participating carrier for the loss of or any damage to or any delay in the delivery of any personal property, including baggage (whether or not such property has been delivered into the custody of the carrier) shall be limited to' an amount equal to the actual value of such property, which shall be conclusively presumed not to exceed $100 for each farepaying passenger, unless the passenger has, at the time of presenting such property for transportation, declared a higher value and paid an additional charge, at the rate of ten cents for each $100 or fraction thereof, by which such higher value exceeds $100, in which event the actual value of such property shall be conclusively presumed not to exceed such higher value. No participating carrier will accept for transportation personal property, including baggage, the declared value of which exceeds the limit hereinafter listed after its name:
DAL 3,500
EMP and MAL 1,000
NAL 5,000
AA, TWA AND UAL 25,000
All other participating carriers 2,500.”
The foregoing Rule is similar to the Car-mack Amendment of the Interstate Commerce Act, 49 U.S.C.A. § 20, in that it supersedes State Laws on the subject. Miller, Interstate Commerce Commission Law & Procedure (1939) PP 341.363.
Both litigants conceded in oral argument and in their briefs the non-existence of any jurisprudence construing or interpreting Tariff PR-2.
*779 The foregoing tariff governing the transportation of defendant was issued by M. F. Redfern, Agent, on behalf of the defendant and other air carriers of the Air Traffic Conference of America on May 1st, 1947, to become effective on June 1st, 1947, and contained therein is a statement that “this Tariff cancels Local and Joint Passenger Rules Tariff No-. PR-1, C.A.B. No. 4, A.T.B. No. 4, issued by M. F. Redfern, Agent,” on behalf of the defendant and other air carriers of the Air Traffic Conference of America. The pertinent sections of Tariff No. PR-1 on the subject of liability for loss of or damage to baggage reads:
“Rule 10. Baggage and Personal Property. (11)
“Articles Accepted as
Baggage: Baggage shall consist only on (sic) wearing apparel, non-liquid toilet articles and similar effects for actual use which are necessary and appropriate for the comfort and convenience of the passenger for the purposes of the journey and not intended for other persons or for sale. Money, jewelry, silverware, samples, negotiable paper, securities and similar valuables or business documents will be carried only at the risk of the passenger * * *.
“111. Value of Baggage
“(A) Liability for — -General. Except as provided in Paragraph (C) below no participating carrier shall be liable for the loss of, or any damage to, or any delay in the delivery of, any property of the following types which is included in a passenger’s baggage, whether with or without the knowledge of the carrier:__
fragile or perishable articles, money, jewelry, silverware, negotiable paper, securities, or other valuables, samples or business documents;
or for any other loss or damage whatever nature resulting from any such loss, damage or delay * * *.
(Underlining ours)
“(B) Liability for — Value. Except as provided in Paragraph (C) below the liability, if any, of a participating carrier for the loss of, or any damage to, or any delay in the delivery of, any baggage shall be limited to an amount equal to the actual value of such baggage, which shall be conclusively presumed not to exceed $100 for each fare-paying passenger, unless the passenger has, at the time of tendering such baggage for transportation, declared a higher value and paid an additional charge, at the rate of ten cents for each $100, or fraction thereof, by which such higher value exceeds $100, in which event the actual value of such baggage shall be conclusively presumed not to exceed such higher value. * * * }}
In our opinion it is significant, impressive and persuasive to observe that the foregoing underlined section of Tariff No. PR-1 does not appear in Tariff No. PR-2, the applicable rule on September 1st, 1947, the date of the loss of the stamps, governing the transportation of passengers and baggage, and it may also be of added significance to observe that the provisions formerly published in “Tariff No. PR-1, C.A. B. No. 4” “Issued by M. F. Redfern, Agent” and not appearing in Tariff No. PR-2, C. A.B. No. 12, are cancelled.
We reiterate that it was conceded by the party litigants that there were no decisions construing these rules nor did respective counsel, either in oral argument or in brief, direct the court’s attention to the fact that the rules had been amended and it was only through research and examination of the case of Lichten v. Eastern Air Lines, D.C., 87 F.Supp. 691, wherein the court discovered the nature of this amendment.
The record reveals, as stated heretofore, that both plaintiff and defendant prayed for oyer of “excess valuation ticket No. 721-05222” and each insisted that the other had possession of the “ticket.” The “ticket” was never produced for it is not contained in the record, which, in our opinion, is the best evidence of the contract that existed between plaintiff and defendant with respect to the transportation of plaintiff’s baggage. We are particularly interested in ascertaining to our satisfaction, in view of the fact that Tariff No. PR-1 was cancelled and of defendant’s vigorous contention that' plaintiff did not ad *780 vise defendant that his baggage contained a collection of rare and valuable stamps amounting to $1400, whether, if defendant had been so advised, any other form of “excess valuation ticket” would have been issued by defendant, other than the one which was actually issued to the plaintiff.
It is, therefore, our opinion that the “excess valuation ticket” referred to herein-above or a duplicate form thereof, should have been produced by the defendant in order to permit the judge, a quo; to make an ■ examination thereof, before the exception of no cause of action was passed upon. An appellate court is vested with discretion to remand a case whenever, in its opinion, the ends of justice will best be served, which, in the final analysis, is the fundamental reason justifying the existence of courts of law in our civilization. In conformity with this principle, we remand this matter.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed, the exception of no cause of action is overruled and this case is remanded to ■the Civil District Court for further proceedings according to' law.
Reversed and remanded.