BENJAMIN F. MAYES, Natural Tutor of William S. V. Mayes and others, Minors *v.* JOHN SMITH and another.

A minor cannot sue in his own name, but only in the name of his tutor, duly qualified to act as such. *Per Curiam:* A judgment would not be *res judicata* as to the minor, unless it appeared that the person assuming to represent him was duly qualified. Nor would the defect be cured by suing in his name, assisted by his father.

A natural tutor must take an oath before he can act as such. C. C. 328.

Where a defendant in an action commenced by injunction, excepts to answering to the merits, on the ground that the oath taken and the bond given to obtain the injunction, were taken and executed by one claiming to act as the attorney in fact of the plaintiff, though no copy of the power was annexed to the petition, the power must be produced, or the action will be dismissed. C. C. 320.

APPEAL from the District Court of St. Mary, *Boyce, J.*

BULLARD, J. The defendant Smith, having a judgment against Benjamin M. Mayes, caused a writ of *fieri facias* to issue, and the sheriff levied upon a number of slaves and some horned cat-

tle, as his property. Among other slaves seized, was Harriet and her three children. Mayes made his escape to Texas with all the other slaves, and, after his departure, and before the day of sale, A. R. Splane, Esq., as his agent and attorney in fact, presented a petition in the name of Mayes, styling himself the natural tutor of his minor children, in which he claims the said Harriet and her children, and a few head of cattle, as the property of his minor children, in the right of their deceased mother, to whom he alleges the slave Harriet had been bequeathed by her father, Gabriel Smith, late of Wilkinson county, in the State of Mississippi. He prayed for an injunction to stay proceedings on the execution, which was accordingly granted.

The defendant Smith, before answering to the merits, filed his exceptions: 1st. That the plaintiff is not the tutor of the minors he assumes to represent, and has no right to sue as such.

2d. That the persons declared in the petition to be minors are made parties, and assisted by said Mayes, the suit being thus brought by minors, which the law does not allow in such cases. And lastly, that the oath is taken and the bond signed A. R. Splane, claiming to be agent and attorney in fact, and no copy of said power is annexed to the petition.

These exceptions were overruled, an answer filed to the merits, and, after trial had, the injunction was perpetuated, and the slaves claimed decreed to be the property of the minors. The defendant Smith appealed.

We are of opinion that the exceptions were well taken, and ought to have been sustained, and the suit dismissed.

Minors can only sue by their tutor duly qualified to act as such. Even the natural tutor is required to take an oath before he can do any act as such. Civil Code, art. 328. A judgment pronounced against minors would not be *res judicata* as to them, without its appearing that the person, assuming to represent them in a judicial proceedings, had been duly qualified. This defect is not cured by suing in the name of the minors themselves, assisted by their father. They cannot sue in their own names; it is their tutor alone who can sue in his name, as tutor.

We are further of opinion that the attorney in fact who took the oath, and subscribed the bond, was bound to produce his au-

thority when called on, as in this case. Code of Practice, art. 320.

This view of the case renders it useless to enquire into the validity of the donation.

It is therefore adjudged and decreed, that the judgment of the District Court be reversed; and it is further ordered, that the exceptions be sustained, the suit dismissed, and the injunction dissolved, and that the defendant Smith recover of the plaintiff, two per cent interest on the amount of the judgment, to wit, $7,869 74½, together with one per cent damages, reserving to the defendant his right to recover of the surety on the injunction bond according to law; and that the plaintiff pay the costs in both courts.

*Splane*, for the plaintiff.

*Dwight*, for the appellant.