## WHEELER v. RODRIGUEZ

(March 10, 1930. Opinion and Decree.)
(April 7, 1930. Rehearing Refused.)

M. C. Scharff and M. E. Kranz, of New Orleans, attorneys for plaintiff, appellant.

Normann, Breckwoldt & Schwartz, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is a suit for damages filed by Margaret Wheeler against F. J. Rodriguez, under the following allegations, to-wit: "The petition of Margaret Wheeler, for and in behalf of her natural minor son, Arthur Williams. * * *"

The petition then alleges that on January 6, 1927, Arthur Williams, aged nine years, natural son of Margaret Wheeler, was seriously injured at the street intersection of Carrollton avenue and Fontainebleau drive by an automobile owned and operated by defendant. The petition charges that defendant was solely at fault in causing the injury to the child.

On December 27, 1927, defendant filed an exception of no cause or right of action, and on January 13, 1928, an exception of want of right or capacity on the part of plaintiff to represent the said minor, and to stand in judgment herein. Defendant further pleaded, in answer of January 13th, the prescription of one year. The judge, a quo, sustained the exception of no right or cause of action, dismissing the suit, and plaintiff has appealed.

Article 256 of the Revised Civil Code reads as follows:

"The mother is of right the tutrix of her natural child not acknowledged by the father, or acknowledged by him alone without her concurrence.
"After the death of the mother, the father is of right the tutor of his natural child acknowledged by him alone.
"The natural child, acknowledged by both, has for tutor, first the father, in default of him, the mother."

Article 261 of the Revised Civil Code reads as follows:

. "The father or mother who is entitled to the tutorship of the natural child, according to the provisions of article 256 can choose a tutor for him, whose appointment, to be valid, must be approved by the judge."

It would therefore appear that, if Arthur Williams is the natural child of Margaret Wheeler, and that the father of the child has not acknowledged the child, or acknowledged him without the concurrence of the mother, that plaintiff, Margaret Wheeler, would be entitled to qualify as tutrix of her minor son.

Article 108 of the Code of Practice provides:

"Minors, persons interdicted or absent, can not sue, except through the intervention or with the assistance of their tutors or curators."

In the case of Succession of Haley, 49 La. Ann. 709, 22 So. 251, 252, Mrs. Haley had adopted Charles M. Taite, natural child of Miss Jeannette Prescott. Mrs. Ha-

ley appointed Anatole Ker as testamentary tutor of the minor. Miss Prescott qualified as tutrix of her natural minor son in an ex parte proceeding, and Ker, in his capacity as an applicant for appointment as testamentary tutor of the minor, applied for and obtained an appeal from the order or judgment appointing Miss Prescott tutrix of her minor son. Miss Prescott moved the court to dismiss the appeal on the grounds: First, "That appellant was without any appealable interest; that appellee, being the mother of said minor, has been, and alone was, entitled to be recognized, confirmed and appointed natural tutrix, to the exclusion of every other person"; second, "That notwithstanding the nomination of Anatole Ker as testamentary tutor by Mrs. Haley by her last will, said nomination was absolutely null and void, and did not and could not deprive appellee of her right to be appointed and confirmed by the court as natural tutrix of her minor child." The Supreme Court held: "It is true that the natural mother, as a general rule, is declared in article 256 of the Revised Civil Code to be entitled, under the circumstances therein stated, to be 'of right' the tutrix of her child; but, though she be entitled to that 'of right,' she is not necessarily to be appointed as 'of course.' Even the legitimate child is not necessarily to be placed under the tutorship of its father or its mother. The facts of a special case would make it sometimes improper that it should be so placed."

In the case of Koepping et al. vs. Monteleone, 143 La. 354, 78 So. 590, the Supreme Court said:

"A surviving parent, who is not the qualified tutor or tutrix of his or her minor child, cannot sue on behalf of his or her minor child."

In the case of Mayes vs. Smith, 11 Rob. 503, the defendant filed an exception in limine to the plaintiff's capacity to represent his minor children, as he had not qualified and been recognized as natural tutor. The court said:

"We are of opinion that the exceptions were well taken, and ought to have been sustained, and the suit dismissed.

"Minors can only sue by their tutor duly qualified to act as such. Even the natural tutor is required to take an oath before he can do any act as such. Civil Code, art. 328 (334). A judgment pronounced against minors would not be res judicata as to them, without its appearing that the person assuming to represent them in a judicial proceeding, had been duly qualified. This defect is not cured by suing in the name of the minors themselves, assisted by their father. They cannot sue in their own names; it is their tutor alone who can sue in his (own) name. * * *"

From the foregoing authorities, it will be seen that plaintiff should have qualified as tutrix of her natural child before entering suit against defendant.

The next question presented is whether the suit should be dismissed or remanded to the district court to give the plaintiff an opportunity to qualify as tutrix of her natural minor child, if she is able to do so.

Our courts have made a distinction between an exception of no right of action, and an exception of no cause of action. Where the petition sets forth a cause of action, but the plaintiff is without right to institute suit and stand in judgment, it is subject to an exception of no right of action. Where the allegations of the petition do not state a cause of action because the law does not provide or grant a cause of action, admitting all the allegations in the petition to be true, the petition is subject to an exception of no cause of action. The courts have been liberal in permitting amendments, where an exception of no cause of action is based

upon the ground of insufficiency of allegations in the plaintiff's petition. Courts have sustained exceptions of no cause of action under such circumstances, with leave to amend. Cazeaux vs. N. O. Public Service Inc., 124 So. 685, 687. In that case this court said:

"Furthermore the whole trend of modern procedure is to do away with technicalities and to permit amendments where no cause of action is based upon the insufficiency of the allegations of the petition. Francis v. Barbazon, 10 La. App. 55, 120 So. 427; Blake v. Jefferson-St. Charles Transfer Co., 8 La. App. 310."

The federal courts have been liberal in permitting the plaintiff to amend a petition to state a cause of action in order to prevent a miscarriage of justice. In the case of Quaker City Cab Co. vs. Fixter (C. C. A.) 4 F. (2d) 327, 328, it appears that the plaintiff, claiming damages for the death of her husband, filed suit as administratrix of his succession, and not personally as surviving widow. During the argument for a new trial, the attention of the court was called to the fact that the plaintiff had no right of action as administratrix of her husband's succession, but only individually as widow. The court thereupon allowed her to amend, and allege that she was prosecuting the suit as widow, and not as administratrix. On this point the court said:

"The cause was removed to the United States District Court for the Eastern District of Pennsylvania. It was not discovered by anyone—at least attention was not called to it—that she had wrongfully entitled her cause of action until May, 1924, when a motion for a new trial was argued. It was then raised for the first time by counsel for defendant. More than one year had elapsed since the deceased died, and the statute of limitations prevented a new action from being instituted.

"The trial Judge permitted plaintiff to amend by striking out, etc. Defendant contends that this in substance constituted a new action and was error. * * * We think that the amendment was one of form, and not of substance, and in such case an amendment may be made under Secs. 948 and 954 of the Revised Statutes of the United States, Compiled Statutes, Secs. 1580-1591. Federal Courts are very liberal in allowing amendments to prevent a miscarriage of justice. McDonald v. State of Nebraska, 101 Fed. 171, 41 C. C. A. 278. Murphy v. Stewart, 43 U. S. (2 How.), 263-281, 11 L. Ed. 261; Reardon v. Copper Co., (C. C. A.), 193 FCed. 189.

"The facts in the case of Van Doran v. Penn. R. R. Co., 93 Fed. 260 (35 C. C. A. 282) were practically identical with those in the case at bar. Suit was there brought as administratrix and not as widow. Plaintiff sought to amend by substituting 'widow' for 'administratrix.' This court with reference to the allowance of the amendment said: 'Substantial justice requires that such an amendment should be allowed as a second suit for damages for the death of Henry Van Doran would be barred by the one-year limitation in the Pennsylvania statute.'"

In the case of Creagh vs. N. O. Railway & Light Co., 128 La. 305, 54 So. 828, which was a suit brought by the mother, who had married a second time, for personal injuries to her minor son of a former marriage. Mrs. Creagh entered suit as natural tutrix of her son. An exception to her capacity to sue was filed in the answer, but not in limine. The court held that, under the general rule of law that any person, natural or artificial, may sue, a widow is not precluded from suing for the injuries to her minor son, because she did not qualify as tutrix at the time the suit was brought. The Creagh case was commented upon in Koepping vs. Monteleone, cited supra, in which the Supreme Court distinguished the two cases on the ground that the exception should be filed in limine. The court said:

"An exception to the capacity of the plaintiff to sue and stand in judgment must be filed in limine."

In the Monteleone case, supra, the exception was filed in limine and sustained.

In the case of Knox vs. Allen, 4 La. App. 223, the court held, in the syllabus:

"The capacity of one who appears in court as representative of another must be alleged, but where the parent appears claiming damages for injuries sustained by her minor child, the capacity of the mother to recover in her representative capacity for the child is sufficiently stated by the words 'as tutrix of the minor'."

The laws of this state, and particularly the articles of the Civil Code on the subject of minors, jealously guard and protect the rights of minors. District judges are vested with great discretion to protect the interest of minors, when they are threatened with loss, and have no legally qualified representative to guard their rights. Gates vs. Bank of Patterson, 116 La. 539, 40 So. 891. If the exception is maintained and the suit dismissed, the claim may be prescribed. As the ground of the exception is one of form and not substance, it certainly would be in the interest of justice to allow the mother to qualify as tutrix and amend.

In the case of Succession of Haley, cited supra, the court annulled the appointment of the mother as tutrix of her natural son, but remanded the case to the lower court for further proceedings according to law, reserving the rights of both parties.

In view of the foregoing authorities, and the trend of modern jurisprudence of liberally allowing amendments to prevent miscarriages of justice, we deem it advisable to remand the case for the purpose of giving plaintiff an opportunity of qualifying as tutrix of her natural minor son within such reasonable time as the district judge may deem proper, and to amend the petition accordingly.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment dismissing plaintiff's suit be reversed, and it is now ordered that this cause be remanded to the district court, with instructions to afford plaintiff an opportunity to qualify within a reasonable delay, if she can, as tutrix of her minor son, and to permit her to amend her pleadings accordingly.