## McVAY v. NEW ORLEANS PUBLIC SERVICE, Inc.
### No. 14337.

Court of Appeal of Louisiana. Orleans.
May 8, 1933.

68

J. A. Morales, of New Orleans, for appellant.

M. A. Woodruff and Ivy G. Kittredge, both of New Orleans, for appellee.

JANVIER, Judge.

This is a suit for damages. It is brought on behalf of a minor child by a mother separated by judgment of court from the father. Under that judgment the care and custody of the minor was awarded to the mother.

Defendant challenges the right of the mother to represent the minor in this suit since there is in the petition no allegation to the effect that the mother has qualified as tutrix. In the court below the exception to the capacity of the mother was maintained and the suit was dismissed.

██ Plaintiff asserts that, where parents are separated by judgment of court, that one to whom custody of the minor or minors has been judicially awarded is the proper representative of the minor or minors in all judicial proceedings. As supporting this view, plaintiff cites Walder v. Walder, 159 La. 231, 105 So. 300, 301.

In that case Mrs. Walder had previously obtained against her husband a judgment of separation from bed and board, and under that judgment she was awarded the custody and care of the minor children. Later she entered into an agreement with her husband which had for its object the amicable division of the community which had existed between them, and also in that agreement so far as the children were concerned she stipulated "to maintain, support, and educate them, and forever relieve their father, Gus Walder, of any and every obligation to support them."

Thereafter she petitioned for a decree of divorce, and to her petition attached a copy of the agreement. Thereupon the following decree was rendered: "It is further ordered, adjudged, and decreed that Mrs. S. K. Walder, plaintiff, assume the support, maintenance, and education of her minor children, and that defendant, Gus Walder, be and he is hereby forever relieved of any and all legal obligation to support said children."

Later, finding herself unable to support and educate the children, she instituted suit on her own behalf and allegedly as "natural tutrix" of her minor children, and in that suit she sought the nullity of that portion of the above-quoted decree which relieved the father from all obligation to support the minor children.

On exception to the capacity to represent the minors, it was shown that she had never qualified as natural tutrix of the minors, and that, in fact, under the law as it then existed, she could not qualify. Nevertheless she was permitted by the Supreme Court to proceed with the suit both in her own behalf and as representative of the minors.

There are, however, certain facts which appear in that case which distinguish it from the case now under consideration.

First and foremost, the judgment which she was seeking to annul was, so far as the children were concerned, an absolute nullity from the time it was rendered because it was based on an agreement to which the children were not and could not be parties. The court said that no suit was in fact necessary to annul a judgment which at no time had ever had any weight or effect. In that opinion is found the following language: "* * * Plaintiff might have ignored the decree as being absolutely null and void, in so far as the minors are concerned."

In the second place, that suit (for nullity) was between the same parties who had been parties to the suit in which had been rendered the decree sought to be annulled. It would have been anomalous indeed for the court to have said that the party to a suit in which a decree had been rendered had no capacity to stand in judgment in a later suit to annul that decree.

In the third place, there was no substantial lump sum amount involved in that case, but merely the right to compel the father to contribute from time to time to the support of his children. Here, if there is liability in defendant there will be a judgment for a considerable amount, and, when that judgment is paid, it will be paid to the mother who, if she be not required to qualify as tutrix, will receive it and may expend it as she sees fit, and the minors will not be protected as minors are, at least theoretically, protected when the tutor or tutrix is required to formally qualify.

In the Walder Case the mother, under the laws of Louisiana as they then were, could not qualify. The court said: "It was impossible for plaintiff to have so qualified, * * * because at the time of the institution of this suit, which was prior to the passage of Acts 72 and 196 of 1924, neither the father nor mother could qualify as tutor to their children, while both were alive, although the father and mother were divorced."

Since the mother could not qualify as tutrix and since she was in fact intrusted with the custody of the children, the court was presented with the distressing situation in which minors entitled to rights could not seek them in court because there was no one with the legal authority to represent them.

Since 1924 those laws to which the court referred have been amended, and now the parent who has been awarded the custody of minor children is entitled to qualify as nat-

ural tutor or tutrix. We use the words "is entitled to qualify" advisedly.

There were three statutes passed in 1924 all bearing on this question. They are No. 72, No. 74, and No. 196.

The pertinent portion of each reads as follows:

No. 72. "The minor not emancipated is placed under the authority of a tutor after the dissolution of the marriage of his father and mother or the separation from bed and board of either one of them from the other."

No. 74. "In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party. The party under whose care a child or children is placed, or to whose care a child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died."

No. 196. "Upon divorce or judicial separation from bed and board of parents, the tutorship of each minor child belongs of right to the parent under whose care he or she has been placed or to whose care he or she has been entrusted."

It is contended that these statutes relieve the parent in such case from the further duty of qualifying as tutor or tutrix and, of course, if that be true, then plaintiff here is entitled to proceed with this suit without qualifying as tutrix.

Act No. 72, which amended article 246 of the Civil Code, throws little light on the question of whether such parent becomes automatically tutor or tutrix without taking any steps to qualify, though, by requiring that the minors' affairs in such unfortunate situations be administered by a tutor, it would seem, in the absence of other legislation, that the framers of the act intended to use the word "tutor" or "tutrix" in its usual sense and intended that such tutor or tutrix should qualify, as was and is required in all other cases of tutorship.

It will be noted that the language of Act No. 74 is slightly different from that of Act No. 196. In the former it is said that in case of divorce or separation the party who is given custody of the child or children "shall of right become natural tutor or tutrix," whereas in the later act it is provided that in such case "the tutorship * * * belongs of right to the parent under whose care he or she has been placed. * * *"

Now it has been held in this state that, merely because one is entitled of right to be appointed tutor or tutrix, one does not become tutor or tutrix as a matter of course, in other words, that such person must qualify in the formal way; that, whereas the right to qualify cannot be taken away, nevertheless there must be a formal qualifying.

Of the line of cases so holding, Succession of Haley, 49 La. Ann. 709, 22 So. 251, 253, is typical. In that case the court said: "It is true that the natural mother, as a general rule, is declared in article 256 of the Revised Civil Code to be entitled, under the circumstances therein stated, to be 'of right' the tutrix of her child; but, though she be entitled to that 'of right,' she is not necessarily to be appointed as 'of course.'"

Therefore we have no hesitation in saying that under the later act (No. 196) in which it is stated that tutorship "belongs of right to the parent under whose care," etc., there must be qualification. If, then, the earlier act, No. 74, is in conflict with the later act, the later must prevail, because if the same Legislature passes two acts which are irreconcilable the later supersedes the earlier.

But the two statutes are not necessarily irreconcilable. The words "shall of right become natural tutor or tutrix" do not necessarily mean that no formal qualification is necessary, particularly when they are followed, as they are here, by words which limit their effect and meaning. We refer to the fact that, although the parent who is awarded the custody of the children shall of right become tutor or tutrix, that right is qualified by the subsequent words "to the same extent and with the same effect as if the other party had died." This latter clause may be interpreted as placed upon the person who is given the right to qualify the duty of taking such steps as must be taken by a surviving parent in the case of death. In the case of death the surviving parent who is entitled of right to become natural tutrix must, under article 108 of the Code of Practice and article 334 of the Civil Code, formally qualify and take the oath of office.

Though it is unnecessary that we cite authority to show that in the case of death the surviving parent cannot institute proceedings on behalf of the minor children without first qualifying as tutor or tutrix, still, because the cases are so squarely in point, we call attention to Mayes v. Smith, 11 Rob. 503, Mitchell v. Cooley, 12 Rob. 636, and Koepping v. Monteleone, 143 La. 353, 78 So. 590, 591. We now quote from the Koepping Case:

"Plaintiff alleges that the marriage between her and the father of the minor herein involved was dissolved by the death of her husband; and she does not allege that she is the tutrix or has been appointed tutrix or guardian of her minor child. The suit is brought simply in her capacity as the mother of her minor daugher. * * *

"As there is no allegation in plaintiff's petition as to the law of her domicile, or that it is different from the law of this state, the presumption is that the law of Illinois is the

same as the law of this state, and that minors cannot sue 'except through the intervention or with the assistance of their tutors or curators.' The law is clear and explicit; and it contains an express prohibition against minors suing in the courts of the state, except with the assistance of their tutors or curators. * * *

"The exceptions filed by defendant were properly sustained."

In the Mitchell Case a portion of the syllabus reads as follows: "Where an action has been commenced by a natural tutor before taking such oath, it will be dismissed on an exception to his want of authority."

In the Mayes Case, it is stated, in the syllabus: "A natural tutor must take an oath before he can act as such."

Therefore Mrs. McVay cannot proceed with this suit unless she first qualifies as tutrix of the minor whom she seeks to represent.

■ Still, although the exception to her capacity has been filed in limine, it should not affect the complete dismissal of the suit.

There is authority to the effect that such appearance as has been made would serve to interrupt prescription. Therefore no good purpose would be served by dismissing the suit, because plaintiff could then qualify, as she has the right to do, and could then bring another suit.

■ If this be not so and if prescription continues to run, then the right of the minor would be prejudiced on a pure technicality, and, as we said in Wheeler v. Rodriguez, 13 La. App. 97, 126 So. 715, 717, courts "are vested with great discretion to protect the interest of minors, when they are threatened with loss, and have no legally qualified representative to guard their rights."

■ There is considerable authority which defendant insists requires the dismissal of this suit in toto. In Mayes v. Smith, supra, in Mitchell v. Cooley, supra, and in Koepping v. Monteleone, supra, the court dismissed suits which were attempted to be brought on behalf of minors. There unquestionably was a period during which the jurisprudence of this state required that pleadings such as those found here be examined critically, and that, where a plaintiff should come into court in a suit which could be brought by him or her in one capacity and failed to set forth that the appearance was made in that capacity, the suit should be dismissed. However, at the present time there is ample authority in such situations for permitting amendments unless, from allegations already made, it appears that the necessary amendments cannot be made. Where the necessary amendments may be made, courts are authorized, by modern jurisprudence, to permit persons who fail to allege the capacity in which they appear but who, from the nature of the suit, may

appear in only one capacity, to make the necessary amendment to show that capacity unless it already appears from the petition that the said person cannot appear in that capacity.

In the three cases to which we have referred the question of remanding was not discussed. In the two earlier cases the court unquestionably applied the strict rule of dismissal. In the Koepping Case it appears that no good purpose could have been served by remanding the case (although remanding was not discussed) because, at the time the original suit was filed, prescription had already run, as is evidenced by the fact that the claim of the mother in her own behalf, presented in the same petition, was dismissed on a plea of prescription.

It is true that in Penny v. New Orleans Great Northern Railroad Co., 135 La. 962, 66 So. 313, and in La Casse v. New Orleans, T. & M. Railroad Company, 135 La. 131, 64 So. 1012, 1013, the court considered the effect of a suit brought by a widow, which suit, under the law, could be brought only by the personal representative of the deceased, that is to say, by the executor or administrator, and that in the Penny Case the court dismissed the suit, holding that the widow had no capacity to stand in judgment, and it is also true that in the La Casse Case the court said: "We agree with defendant that a total absence of right on the part of the plaintiff may be urged at any stage of the cause. Brown v. Saul, 4 Mart. (N. S.) 434, 16 Am. Dec. 175; Montfort v. Schmidt, 36 La. Ann. 750. And that, if the case does come under the federal statute, the plaintiff is totally without right of action in the premises."

In each of those cases, however, there was no certainty that the widow was the person and the only person entitled to qualify in the capacity necessary for the bringing of the suit, whereas in the case before us, under Acts Nos. 74 and 196 of 1924, it is manifest that no person other than the mother could be permitted to qualify. Therefore in the case now before us the right person is before us, though in the wrong capacity, whereas in the Penny Case and in the La Casse Case there was no certainty that even the right person was before the court.

In those cases, to express it differently, the dismissal of the suit by the widow did not mean that necessarily a new suit would be filed by the same person in the proper representative capacity. Here the dismissal of the suit of Mrs. McVay, brought as unofficial representative, would mean a new suit by Mrs. McVay after duly qualifying as tutrix. The same person will appear though in another capacity. No good cause can be served by dismissing the suit.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment dis-

missing plaintiff's suit be reversed, and it is now ordered that this case be remanded to the district court, with instructions to afford plaintiff an opportunity to qualify within a reasonable delay, if she can, as tutrix of her minor son, and to permit her to amend her pleadings accordingly.

Reversed and remanded.

WESTERFIELD, Judge (concurring).

I believe that, in view of Walder v. Walder, 159 La. 231, 105 So. 300, the exception of want of authority should be overruled, but since, in the long run, the same result is obtained by a remand, I concur in the decree.