REGAN, Judge.
The plaintiffs, Mr. and Mrs. William A. Parr, individually, and William A. Parr, for and on behalf of his minor daughter, Jean Parr, instituted this suit against defendant, James L. Rogers, endeavoring to recover property and personal damage in the amount of $1,850.65, incurred by virtue of a collision between the automobiles, owned and operated by Parr and Rogers, in Gentilly Highway near the Seven Mile Post on October 8,1950, at about ten o’clock p. m.
The defendant excepted to Parr’s capacity to bring this suit on behalf of his minor daughter because of his failure to allege “that Jean Parr is a child born of the marriage between William A. Parr and Sylvia W. Parr or adopted by them” or “that either of them is a duly qualified tutor or tu-trix of Jean Parr.” This exception was overruled and defendant then answered denying that he was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of Parr.
*661 There was judgment below in favor of William A. Parr in the sum of $385, representing $100 for personal injuries, $240 for property damage to his automobile and $45 for medical expenses; there was further judgment in favor of Parr for and on behalf of his minor daughter, Jean Parr, in the sum of $25 and judgment in favor of Mrs. Parr for personal injuries in the sum of $400. Hence this appeal by defendant. While plaintiffs have ánswered the appeal they have not asked that the awards be increased but merely that the judgment be affirmed.
Counsel for defendant has conceded the negligence of his client and points out that this appeal was prosecuted only for a consideration by us of the validity -of his exception and the damages awarded to the plaintiffs herein.
The lower court awarded Parr $240 for damages incurred by his. automobile as a result of the accident. He testified that "he had two estimates of the damages made —one by Charles Bernadas for $246.55 and the other by Eugene LeCron for $255.65. LeCron appeared as a witness on behalf of plaintiffs and related that he had been in the automobile repair business for about thirty years; that he had painted Parr’s automobile shortly before the accident and •that it 'was in good condition at that time. He asserted that the cost of the repairs would amount to $255.65. The estimate of Charles Bernadas was not introduced in evidence.
Parr testified that he had made some repairs to the car himself amounting to $105, but that it would cost $150 more' to complete the work. In connection with effecting •these repairs he asserted that he had expended about $50 for parts and had figured "his labor at about $55, having consumed many Saturdays and Sundays laboring on the car. We find no error in the lower •court’s award of $240.
Parr received $100 for personal injuries. He related that his leg and arm had 'been cut, scratched and pained him considerably ; about a week thereafter he suffered-from his stomach and upon visiting Charity Hospital was informed that the pain resulted from strained muscles. We find no error with this award.
Parr was further permitted to recover the sum of $45 for medical expenses incurred by him in the treatment of his wife and daughter. The defendant concedes that Parr proved that he paid the sum of $16.50 to the “Out Patient Clinic” of Touro Infirmary for treatment of his wife, but questions the sum of $28.50 which Parr insists he expended for medicines. While it is true that the record does not reflect any receipts or other physical evidence that Parr spent $28.50 for medicine, drugs, etc., still we are convinced by virtue of the injuries incurred to his wife and child and the testimony of Parr and his wife that at least the sum of $28.50 was expended for this purpose.
Mrs. Parr was awarded the sum of $400 for her personal injuries. She testified that immediately following the accident she “blacked out”; that she was taken to the " Charity Hospital where her injuries, according to the report offered in evidence, were diagnosed as “contusion and abrasion, right knee. No fracture.”, and she was permitted to return to her home; she was incapacitated for about three months; several weeks after the occurrence of the accident she was forced, because of her financial condition, to seek aid from the “Out Patient Clinic” of Touro Infirmary, where she received eight shock treatments — one each week for the nervousness which she asserted resulted from the accident. She stated that prior to the accident she was “a little nervous” but after the occurrence thereof, this condition increased to the point where it became necessary for her to obtain expert medical assistance. In our opinion this award was correct.
Parr was awarded the sum of $25 for the use and benefit of his minor daughter, Jean Parr, however, defendant insists that Parr has not alleged his capacity to institute this suit on her behalf. In this respect the petition of plaintiffs reads as follows:
*662 “The petition of William A. Parr, and Mrs. Sylvia J. Wingerter, wife of William A. Parr, both of full age of majority and residents of the Parish of Orleans, State of Louisiana, individually, in their own behalf, and of William A. Parr, for and on behalf of his minor child, Jean Parr, * *
Counsel for defendant contends that the petition fails to allege that “Jean Parr is a child born of the marriage between William A. Parr and Sylvia W. Parr or adopted by them” nor is it alleged that “either of them is a duly qualified tutor or tutrix of Jean Parr”, therefore, his exception of want of capacity should have been maintained.
We agree that defendant’s counsel is technically correct and that plaintiffs’ counsel should have been initially ordered by the court to amend their petition in order to remove any doubt as to their capacity to bring the suit on behalf of the minor, Jean Parr. However, in 11 Tulane Law Review 527, at page 551, the problem which has been posed for our consideration is elucidated upon as follows:
“The exception of want of capacity is deemed to be a dilatory one, and as such it should ‘not tend to defeat the action, but only to retard its progress.’ When we refer to the codal provision on the subject (Art. 320, La.Code of Practice) it can be seen that the only penalty provided for the plaintiff’s failure to prove his capacity or authority was that ‘the defendant may refuse to answer to the merits.’ In a number of cases it has been held that the only effect of maintaining the exception was to relieve the defendant from answering until such time as the plaintiff proved his authority or capacity.
“Had this rule been followed, little difficulty would have been experienced. But it was not followed, for upon the maintaining of the exception, the Supreme Court has dismissed the suit, despite the fact that in many cases, the plaintiff could have taken the proper steps to establish his authority or capacity thereafter. Thus the grave danger of substantial rights being lost became a potential result of this technical attitude on the part of the court. Such a ruling, regardless of its legal inaccuracy, was destined to yield to an increasing liberality of amendment. In Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715, the Court of Appeal for the Parish of Orleans took the initiative and remanded a case, where the trial court had maintained the exception and dismissed the suit, with instructions to permit the plaintiff to qualify as tutrix and thus remove the defect of her original petition. In this case the only authority relied on by the court was the analogy afforded by the liberality of amendment then permitted in cases where the exception of no cause of action had been maintained. In the succeeding case of McVay v. New Orleans Public Service, La.App., 148 So. 67, the same court was forced to notice Supreme Court cases which required a dismissal of the suit when the exception was maintained. These cases were differentiated on grounds not pertinent here. However, regardless of such differentiation between the two lines of authority, the liberal doctrine of the court of appeal decisions not only is more responsive to the demands of justice, but is more in harmony with recognized principles of civil law procedure.”
In McVay v. New Orleans Public Service, Inc., La.App., 148 So. 67, 70 (1933) we said:
“There is considerable authority which defendant insists requires the dismissal of this suit in toto. In Mayes v. Smith [11 Rob. 503], in Mitchell v. Cooley [12 Rob. 636], and in Koepping v. Monteleone [143 La. 353, 78 So. 590], the court dismissed suits which were attempted to be brought on behalf of minors. There unquestionably was a period during which the juris *663 prudence of this state required that pleadings such as those found here be examined critically, and that, where a plaintiff should come into court in a suit which could be brought by him or lier in one capacity and failed to set forth that the appearance was made in that capacity, the suit should be dismissed. However, at the present time there is ample authority in such situations for permitting amendments unless, from allegations already made, it appears that the necessary amendments cannot' be made. Where the necessary amendments may be made, courts are authorized, by modern jurisprudence, to permit persons who fail to allege the capacity in which they appear but who, from the nature of the suit, may appear in only one capacity, to make the necessary amendment, to •show that capacity unless it already appears from the petition that the said person cannot appear in that capacity.”
In view of the fact that the trial judge overruled the exception of want of capacity and as a result thereof the record is replete with evidence to the effect that Parr and his wife are the natural mother and father of Jean Parr, in fact defendant's counsel, during the course of oral argument in this court, conceded that this was true, we must, therefore, conclude that no useful end would be served by remanding the case to the district court for the purpose of permitting the plaintiffs to amend their petition, which the trial court,- in our opinion, should have initially ordered: ■ Courts are vested with a broad latitude of discretion to protect the interest of minors. In the McVay case the mother of the minor, who was separated from her husband, brought the suit. There was no proof in the record •that she had qualified as the natural tutrix of her child, therefore, it was necessary to remand the matter in order to permit her to do so and then, in conformity therewith, .amend her petition.
Our examination of the record relative to the award made on behalf of the minor -convinces us that it was correct.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.