JANVIER, Judge
(dissenting in part, concurring in part).
I hesitate to -dissent on so unimportant an issue, especially since the amount which is involved is so insignificant, but I cannot avoid the impression that were a larger sum involved, my associates would view the matter as I do and would conclude that on the record which is before us, or more properly I should say, on the record which should be before us, the claim which is made on behalf of the ¡minor could not be allowed.
It is conceded that when the petition was filed, counsel for defendant called to the attention of counsel for plaintiffs the fact that there was in the petition no allegation to the effect that the mother and the father of the minor were alive and had not bqen separated/and that, in, the absence of. such allegation, there was nothing to show that the father who desired to appear on behalf of the minor had the necessary legal right to do so. In other words, counsel -for defendant said to counsel for plaintiffs that he' recognized the right of a father to represent the minor child so long as the parents remain alive and so long as they are not separated, but that if either dies or if there has been a judicial separation, then the father — merely because he is the father — is not by that fact -alone authorized to bring suit pn behalf of the minor. Coignard v. F. W. Woolworth & Co., La.App., 175 So. 123; McVay v. New Orleans Public Service, Inc., La.App., 148 So. 67; Mayes v. Smith, 11 Rob. 503.
Counsel for defendant concede that they had no reason to believe that in the case at bar the father and the mother of the minor had been separated or that either had died, but that merely in an abundance of caution they had asked that the necessary allegation be made by amendment. This counsel for plaintiffs refused tó do.
*664 When, on the trial, evidence was offered to show these facts, counsel for defendant objected on the ground that there was in the petition no allegation in support of which the said evidence could be offered. This objection was overruled and after a trial there was judgment as recited in the majority opinion in favor of the wife and of the .husband and also in favor of the father on behalf of the minor for the sum of $25.
I find fault with the judgment only insofar as it runs in favor of the father for $25 for the use and benefit of the minor. I think that however insignificant may be this amount and however unimportant may be the issue, the father should have been required to amend his petition by 'alleging, as he no doubt could have done, that the child was the issue of his marriage with the mother who was still living and that there had been no separation or divorce.
The mere fact that the other plaintiff was the wife did not necessarily mean that the other plaintiff was the mother of this minor. The minor, so far as the allegations of the petition show, might have been the issue of an earlier marriage. If so, necessarily the father could not represent the minor without having qualified as tutor. ■
Nor should we take the position that because the evidence is in the record, it is of no importance that it should not have been admitted. If it was inadmissible because no allegations which justified its admission were in the petition, then it should not have been admitted over the objection of counsel.
Of course, I do not contend that the claim on behalf of the minor should have been dismissed without first allowing the plaintiff an’ opportunity to amend the petition and to allege that the mother and the father of the minor were both living and were not separated and that therefore the father, as is provided by LSA-C.C. Art. 221, was authorized to represent the minor.
I well realize that an exception of want of capacity is dilatory and that where such an- exception is filed there should be afforded an opportunity to amend.
In an article entitled “Parties Litigant ire Louisiana,” 11 T.L.R., at page 551, appears the following:
“The exception of want of capacity is deemed to be a dilatory one, and as such it should ‘not tend to defeat the action, 'but only to retard its progress.’ ”
In the article the author notes that this Court has adopted a very liberal view towards the right to amend where it seems possible that a necessary amendment can be made. The author bases this statement to some extent on a decision of this Court of which I was the author, McVay v. New Orleans Public Service, Inc., supra.
I am still of the opinion that an opportunity to amend should always be permitted in such situation. However, it must be noted here that the attorney for plaintiff, when asked to make the necessary amendment, refused to do so. It cannot be said that the opportunity to amend was not afforded.
In Bernard v. Gravois, La.App., 8 So.2d 318, the Court of Appeal for the First Circuit was confronted with a situation in which the petitioners alleged that they were the lawful father and mother of the minor child who had sustained physical injuries. They did not allege that they brought the suit on behalf of the minor. The defendant filed an exception of no cause or right of action based on the fact that the petition did -not contain such an allegation. Later the plaintiffs, then represented by other counsel, , filed a supplemental petition in which the' fath.er and mother stated that they appeared on behalf of the minor. Defendant moved to strike the supplemental petition from the record. The Court held that such an amendment might be made. I thoroughly agree with that conclusion, but I say again that if' counsel for plaintiff had refused to make the amendment, the Court would have found it necessary to dismiss the claim.
In-passing it may be noted that the mother, of course, should not have been included as a representative of the minor. Where *665 both parents are living and not separated, it is the father who represents the minor’s interest. See LSA-Civil Code Art. 221.
I regret that I must dissent from that part of the decree which affirms the award ■of \$25 for the benefit of the minor. In all other respects I.concur in the opinion and decree of my associates.