TATE, Judge.
Plaintiff, the father of two minor children injured in an auto-truck collision, sued to recover damages for those injuries and the resulting medical expense individually and on their behalf. The trial court .allowed recovery, and defendants appeal.
Defendants filed an exception of.no right and cause of action in this court, directed at plaintiff’s admitted failure to introduce evidence in support of the allegation in his petition (denied by defendants in answer) that the minor children were born of his presently existing marriage to their alleged mother.
 Plaintiff-father has the legal right or capacity to file this suit, without court-' appointment and his qualification as tutor, only if these unemancipated minors on whose behalf suit is instituted are the children of a presently existing valid marriage, Article 221, LSA-C.C., see Cleveland v. Sprowl, 12 Rob. 172. If these minors are children of a marriage dissolved by death or. divorce or in which the parents are judicially separated-; or if these minors are patural or illegitimate children: then their rights can be judicially enforced only in suit brought by a properly appointed and qualified tutor; Articles 246, 250, 256, 334, LSA-Civil Code; Articles 108, 109, 949, Code of Practice; Koepping v. Monteleone, 143 La. 353, 78. So. 590, Mitchell v. Cooley, 12 Rob: :636, Wheeler v. Rodriguez, 13 La. App.,97, 126 So. 715. See Professor Mac-Mahon’s authoritative treatise, Louisiana Practice 154-156.
Thus proof of plaintiff-father’s marital status is indispensable to prove his right to bring this action on behalf of his minor children, and the exception is well taken; Spillman v. Texas & Pacific R. Co., 17 La.App. 473, 135 So. 66, 68. This peremptory exception of no right of action may be pleaded at any time, even on appeal, Articles 345, 346, 902, Code of Practice; Union Bank v. Dunn, 17 La. 234, Doll v. Dearie, La.App., 41 So.2d 84; cf. Spillman v. Texas & Pacific R. Co., supra cit.; see Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715. However, such exception “must be pleaded specially, and sufficient time allowed to the adverse party to bring his evidence”, Article 346, C.P.; if pleaded on appeal, “the party to whom it is opposed shall have the privilege of demanding that the cause be remanded for trial upon that plea.” Article 902, C.P.
Plaintiff filed with this court a motion to accept as proof of the marital status of the children’s parents certain attached certificates of the Clerk of Court for the parish in which the parents reside, together with supporting affidavits of the parents and the maternal grandfather of the minors. This court, being one of appellate jurisdiction only, cannot accept or pass on evidence presented for the first time in this Court, Article 7, § 29, LSA-Const. of 1921; Bell v. Holdcraft, La.App., 196 So. 379.
Alternatively, plaintiff urges that the written statement of a witness proves parentage and legitimacy. This statement, taken five days after the accident by an adjuster, asserts in part:
“ * * * My sister’s two children was in car with me, both riding in front seat. Their mother’s name is Mary Jane Overton Higginbotham, & father’s name Ernest L. Pligginbotham. The children’s names are James Edward Higginbotham, age 6, Ernest L. *713 Higginbotham, Jr., age 5. These children live with my father. Their mother & father are separated. The mother lives in New Orleans and the father lives in Amite. * * * ”
Accepting the argument of plaintiff-ap-pellee that since said statement was admitted in evidence without objection and was not limited to the purpose of testing credibility by showing a prior contradictory statement and was identified by the witness as his own statement (see Tr.-90), it therefore can be accepted as proof of its contents; nevertheless said statement merely names the parents of the children and does not inform us that said parents were legally married. Nor does it inform us that the marriage, if any, was not terminated by judicial separation or divorce so as to require enforcement of the minors’ rights through a court-appointed and duly qualified tutor (who might be other than the-father, LSA-Civil Code Articles 157, 221,. see McVay v. New Orleans Public Service,. La.App., 148 So. 67).
While perhaps it might be argued that on the merits — irrespective of the present legal existence of the marriage — the claim of plaintiff father individually for $409 medical expenses incurred on behalf of the minor children, can be recovered on a theory of negotiorum gestio (that is, based upon his liability for said expenses resulting from the management of the minor’s affairs, see LSA-Civil Code Articles 2295-2301 Comment, “Negotiorum Gestio in Louisiana”, 7 Tulane Law Review 253, incurred by him by reason of the fault of defendants), we think it more appropriate to defer discussion of the merits until the entire' claim is before us.
We believe that the interest of justice will best be served if we remand the case to the trial court in order that plaintiff might have an opportunity to try the exception of no right of action first filed in this court, Articles 902, 906, C.P., Weil v. Eastern Airlines, La.App., 52 So.2d 777, Bell v. Holdcraft, La.App., 196 So. 379. See also Spillman v. Texas & Pac. Ry. Co., 17 La.App. 473, 135 So. 66, 68.
It is therefore ordered that this cause be and it is hereby remanded to the Twentieth Judicial District Court in and for the Parish of East Feliciana, for the limited purpose of trying the exceptions of no right and cause of action; that is, of receiving evidence if any the parties have, on the parentage and legitimacy of the minors on-whose behalf these proceedings were instituted and the marital status of their parents. The payment of costs to abide a final disposition of the case.
Remanded.